THE STATE, EX REL. INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 18, 18A, 18B, 18C, 18RA, AFL–CIO, APPELLANT, *v.* CITY OF CLEVELAND ET AL., APPELLEES.

[Cite as *State, ex rel. Internatl. Union of Operating Engineers, v. Cleveland* (1992), 62 Ohio St.3d 537.]

---

538

(No. 90–1780—Submitted September 17, 1991—Decided February 12, 1992.)

*Wuliger, Fadel & Beyer, William Fadel* and *Kathleen M. Sasala,* for appellant.

*Craig S. Miller,* Director of Law, and *Franzetta D. Turner,* for appellees.

---

*Per Curiam.* The case presents a single question: When negotiations between public employees represented by an exclusive bargaining agent and a city have not produced a collective bargaining agreement, will mandamus lie to resolve a wage dispute by compelling compliance with a city charter provision pursuant to R.C. 4117.10(A)? We find that it does, and reverse the decision of the court of appeals and allow the writ.

The city contends that mandamus is not appropriate because of the availability of other remedies, namely R.C. 4117.11, 4117.12 and 4117.14. Although the city characterizes the negotiation procedures of R.C. 4117.14 as "elaborate yet precise," it contends that this remedy is adequate and can lead to the relief which Local 18 seeks. R.C. 4117.14 prescribes certain procedures for settling disputes arising out of negotiations involving existing or initial collective bargaining agreements. If the procedures do not resolve the dispute, then noncritical employees, such as those represented by Local 18, are granted the right to strike. Thus, the city argues, the right to strike is an adequate remedy.

The city also argues, and the court of appeals held, that its failure to negotiate a collective bargaining agreement may be an unfair labor practice for which relief is available under R.C. 4117.12. If so, SERB would investigate the violation and, if probable cause were found, conduct a hearing. In the appropriate case an order would issue and temporary relief or a restraining order would be granted. In addition, by appeal to the court of common pleas from the order granting or denying relief, the court could enforce, modify or set aside the order.

Local 18 contends that city charter Section 191 specifically requires the city to pay its city construction equipment operators and master mechanics according to the prevailing wages in industry. In support, Local 18 points to an excerpt from Section 191:

"Only in the case of employees in those classifications for which the Council provided in 1979 a schedule of compensation in accordance with prevailing wages paid in the building and construction trades, the schedule established by the council shall be in accordance with prevailing rates of salary or compensation for such services."

Local 18 coordinates that excerpt with a reference to R.C. 4117.10(A):

" * * * *Where no agreement exists* or where an agreement makes no specification about a matter, the public employer and public employees are subject to all applicable state or local laws or ordinances pertaining to the wages, hours, and terms and conditions of employment for public employees. * * * " (Emphasis added.)

Here, there is no existing collective bargaining agreement.

The statutory remedies proposed by the city would not grant the relief sought by Local 18. The relief available to Local 18, if the city were guilty of an unfair labor practice, under R.C. 4117.12, is a "cease and desist" order from SERB requiring collective bargaining which may be enforced through a court of common pleas. R.C. 4117.13. The ultimate relief available for an unresolved dispute under R.C. 4117.14 is the right to strike.

Neither remedy directly enforces Local 18's right, established by charter provision pursuant to R.C. 4117.10(A), to have its members compensated in accordance with prevailing wages in industry. We have allowed resort to local law under R.C. 4117.10(A) where collective bargaining agreements did not specifically cover certain matters. See *State, ex rel. Clark, v. Greater Cleveland Regional Transit Auth.* (1990), 48 Ohio St.3d 19, 548 N.E.2d 940; *Bashford v. Portsmouth* (1990), 52 Ohio St.3d 195, 556 N.E.2d 477; *State, ex rel. Caspar, v. Dayton* (1990), 53 Ohio St.3d 16, 558 N.E.2d 49. The same reasoning applies here when there is no collective bargaining agreement.

Local 18's statutory remedies are not adequate and the city charter, in light of R.C. 4117.10(A), identifies a clear legal right to the relief sought and a concomitant clear legal duty to grant that relief.

We reverse the judgment of the court of appeals and allow a writ of mandamus directing respondents to comply with city charter Section 191 by paying back and future wages to the city's construction equipment operators and master mechanics, members of International Union of Operating Engineers Local 18, 18A, 18B, 18C, 18RA, AFL–CIO, in accordance with prevailing wage rates.

*Judgment reversed
and writ allowed.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., dissents.

HOLMES, J., dissenting. I would affirm the court of appeals in all respects.