JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants Santo Consolo, et al ("appellants") appeal from the judgment of the trial court which granted defendants-appellees' motions to dismiss. For the reasons set forth below, we affirm in part, reverse in part and remand.
 {¶ 2} A review of the record reveals that the appellants are employed by the city as construction equipment operators or master mechanics. All but two of the appellants pay dues to Local 18. The appellants allege that the city is refusing to pay them at prevailing wage rates and is denying them employment benefits to which they are allegedly entitled under Ohio law. Further, the appellants maintain that the city has denied them other benefits that they have provided to similarly situated full-time employees, including sick leave, paid holidays, vacations, group life insurance, longevity pay, and funeral leave. The appellants claim, that while not their collective bargaining agent, Local 18 has failed to act as their fiduciary and obtain benefits to which they are allegedly entitled pursuant to the Ohio Supreme Court's decision inState ex rel. International Union of Operating Engineers v. Cleveland
(1992), 62 Ohio St.3d 537. In that case, where no collective bargaining agreement existed, and statutory remedies were not adequate, the Supreme Court allowed a writ of mandamus directing the city to comply with city charter section 191 by paying back and future wages to the city's construction equipment operators and master mechanics, members of International Union of Operating Engineers Local 18 in accordance with prevailing wage rates.
 {¶ 3} The appellants specifically sought, in count one of the complaint, the following determinations: what the term "prevailing wage" means as applied to them; that the city has not paid them "prevailing wage," in accordance with State ex rel. International Union of OperatingEngineers, supra and R.C. 4115.03; that pursuant to R.C. 4117.10 (A) they are entitled to the benefits of employment by local law for the city's public employees generally; that Local 18 is not its certified exclusive representative; that the wages paid to plaintiff are less than the prevailing wage pursuant to R.C. 145.03, 4115.03 and O.A.C.4101; that the city is required to provide the appellants with benefits pursuant to R.C. 124.38; that the city's failure to pay prevailing wages caused a shortage in the city's payment to the Public Employee Retirement System (PERS) on the appellants' behalf, which would otherwise have been accrued pursuant to R.C. 145.45; that the prevailing wage rate which the appellants shall be paid is composed of the rate and benefits appearing in the Construction Employers Association Building Agreement with Local 18; and that the city's payments into PERS is not the equivalent of a pension cost amount which would be included in the prevailing wage under R.C.4115.03.
 {¶ 4} The complaint further alleged that the city was obligated but failed to pay the appellants wages including certain benefits over time pursuant to the Writ of Mandamus issued in State ex rel.International Union of Operating Engineers and prayed for back pay from 1994-2001. Appellants also alleged in their complaint: that Local 18 purported to agree with the city that the appellants would waive their entitlement to certain increases in pay mandated by increases in the prevailing wage rate, despite having the appellants' authorization, approval or ratification to do so; that dues payments made to Local 18 implied that Local 18 undertook but failed to adequately represent them and that they were required to refrain from taking actions contrary to the appellants' interests. Lastly, the complaint alleged that the appellants were denied equal protection of the law.
 {¶ 5} On October 30, 2001, appellants filed the action against defendant-appellee the City of Cleveland ("city") and defendant-appellee International Union of Operating Engineers, Local 18 ("Local 18) seeking declaratory judgment and damages. On January 10, 2002, Local 18 filed a motion to dismiss for failure to state a claim for relief and for lack of subject matter jurisdiction. The city filed the same motion on January 24, 2002 and a motion to stay discovery. The appellants filed briefs in opposition to the motions to dismiss. The appellants served Local 18's counsel, Mr. Fadel, for his deposition duces tecum and demanded production of all documents memorializing, referring or relating to communications between him and the city, its employees, representatives, attorneys or agents regarding the appellants in the within matter from 1990 to the present. Mr. Fadel and Local 18 filed combined motions for a protective order, to quash subpoena for deposition of duces tecum of Mr. Fadel and for an award of expenses. That same day, Local 18 moved for a protective order staying all discovery pending the trial court's ruling on the motion to dismiss.
 {¶ 6} After a hearing on March 25, 2002, the trial court granted the motion to quash the subpoena for the deposition duces tecum of Mr. Fadel. The trial court also granted the motions to dismiss. It is from these rulings that the appellants now appeal asserting six assignments of error for our review, five of which challenge the propriety of the trial court's order to dismiss for various reasons. They state:
 {¶ 7} "I. The trial court erred in dismissing a complaint which states cognizable claims for relief against the City of Cleveland."
 {¶ 8} "II. The trial court erred in dismissing the complaint against the City of Cleveland on the basis that the State Employment Relations Board has exclusive jurisdiction of claims against an employer in the absence of a collective bargaining agreement."
 {¶ 9} "III. The trial court erred by dismissing a complaint which states claims for relief against IUOE Local 18."
 {¶ 10} "IV. The trial court erred in failing to consider all allegations in the complaint as admitted."
 {¶ 11} "V. The trial court erred in dismissing the complaint against the City of Cleveland when the complaint stated a claim for relief in mandamus and money damages for paid sick leave under O.R.C. Section 124.38 and 124.39."
 {¶ 12} The appellants in this case seek a declaratory judgment. Pursuant to the Declaratory Judgment Act, "any person * * * whose rights, status or other legal relations are affected by a * * * statute [or] rule * * * [to] have determined any question of construction * * * arising under such * * * statute [or] rule * * * and obtain a declaration of rights, status, other legal relations thereunder." R.C. 2721.03. It is settled in Ohio that the three elements necessary to obtain a declaratory judgment as an alternative to other remedies are: (1) that a real controversy between adverse parties exists; (2) which is justiciable in character; (3) and that speedy relief is necessary to the preservation of rights which may be otherwise impaired or lost. Herrick v. Kosydar
(1975), 44 Ohio St.2d 128, 130; Buckeye Quality Care Centers, Inc. v.Fletcher (1988), 48 Ohio App.3d 150,154. Generally, absent a constitutional challenge, declaratory relief is unnecessary to the preservation of plaintiff's statutory right when the Ohio legislature has provided a quasi-judicial administrative appeal of administrative decisions. Fairview General Hosp. v. Fletcher (1992), 63 Ohio St.3d 146. In this case, the appellants are asserting a constitutional challenge that they were denied equal protection of the law. It is well established that an administrative agency is without jurisdiction to determine the constitutional validity of a statute. Herrick, supra. citing S.S. KresgeCo.v. Bowers (1960), 170 Ohio St. 405
 {¶ 13} With regard to procedure, we note that when reviewing a Civ.R. 12(B)(1) or (6) dismissal, this Court independently reviews the complaint to determine whether dismissal was properly granted. Girts v.Raaf (May 4, 1995), Cuyahoga App. No. 67774, citing State ex rel. Drakev. Athens Cty. Bd. Of Elections (1988), 39 Ohio St.3d 40. Therefore, a reviewing court need not defer to a trial court's ruling. The standard of review for a motion to dismiss for failure to state a claim pursuant to Civ.R. 12(B)(1) and (6) is as follows:
 {¶ 14} "It must appear beyond doubt that [plaintiff] could prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in his favor." State ex rel. Findlay Publishing Co. v. Schroeder (1996),76 Ohio St.3d 580. State ex rel. Kaylor v. Bruening (1997),80 Ohio St.3d 142, 144. Further, the court could only consider allegations in the complaint, as it did not conduct an evidentiary hearing.
 {¶ 15} In this case, the trial court summarily dismissed the complaint for lack of subject matter jurisdiction. The trial judge, after stating that he believed that Local 18 was in fact the exclusive bargaining representative pursuant to State ex rel. International Unionof Operating Engineers, supra., despite the allegation in the complaint otherwise, went on to state it did not have jurisdiction to make such a determination. The trial court stated that the SERB had exclusive jurisdiction in the matter pursuant to R.C. 4117. Therefore, the court concluded, all counts of the complaint were dismissed for lack of subject matter jurisdiction.
 {¶ 16} If a party asserts a claims that arise from or are dependent on the collective bargaining rights under R.C. 4117, SERB possesses exclusive jurisdiction over the claims. Franklin Cty. LawEnforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9
(1991), 59 Ohio St.3d 167. However, the Supreme Court of Ohio in State exrel. Rootstown School Dist. Bd. of Ed. v. Portage Cty. Court of CommonPleas(1997), 78 Ohio St.3d 489 held that where there was no collective bargaining agreement and all of the claims did not arise out of or depend on the collective bargaining rights in R.C. 4117, the does not patently and unambiguously lack subject matter jurisdiction. While it is clear to this court that certain issues raised in the complaint do, in fact, arise out of and depend upon R.C. 4117, we are unpersuaded that it was proper to grant a motion to dismiss all of the claims on jurisdictional grounds.
 {¶ 17} The trial court does not lack jurisdiction over the constitutional claim of the appellants. SERB, like other administrative agencies, does not have jurisdiction to determine these claims. State exrel. Columbus Southern Power Co. v. Sheward (1992), 63 Ohio St.3d 78, 81
("It is settled that an administrative agency is without jurisdiction to determine the constitutional validity of a statute."); Fairview, supra.
 {¶ 18} In this case, whether the term "prevailing wages" as defined in R.C. 4115.03(e) shall be used to determine prevailing wage rates of the appellants and whether "prevailing wages" is to include pension costs and sick leave, do not necessarily arise out of or depend upon R.C. 4117. Further, the trial court does not lack jurisdiction on the appellants constitutional claim that they have been denied equal protection of the law by having been deprived of benefits to which similarly-situated employees have been entitled. We therefore find that an order dismissing all of the appellants' claims for lack of jurisdiction was improper.
 {¶ 19} "VI. The trial court erred in granting a motion to quash a subpoena for a protective order on the basis of attorney-client privilege and work product doctrine, when the material sought were communications to third parties and materials not related to litigation."
 {¶ 20} In their sixth and final assignment of error, the appellants contend that the trial court erred in granting a motion to quash a subpoena on the basis of the attorney-client privilege. We disagree with the appellants' contention.
 {¶ 21} With regard to procedure we note that this court reviews a trial court's ruling on a motion to quash a subpoena for an abuse of discretion. State ex rel. The V Cos. v. Marshall (1998), 81 Ohio St.3d 467. "Abuse of discretion connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. The Supreme Court has explained this standard as follows:
 {¶ 22} "An abuse of discretion involves far more than a difference in * * * opinion * * *. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an `abuse' in reaching such a determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87.
 {¶ 23} After a hearing, the trial court granted the motion to quash on the basis that Mr. Fadel was not a party to the litigation, rather he was the attorney for Local 18. The court determined that the proper avenue in which to attempt discovery would be from either the city or Local 18 as parties to the litigation. While the trial court was sensitive to the appellants' argument that they have attempted discovery and have been unsuccessful, he noted that the proper remedy after unsuccessful discovery in that regard would be through a motion to compel. While the trial judge noted that the attorney-client privilege is sacred, a review of the hearing transcript indicated that the attorney-client privilege was not the basis for granting the motion to quash. We cannot say that the trial court abused its discretion in granting a motion to quash a subpoena of a third party, who was also the attorney for Local 18. We therefore overrule this assignment of error.
Judgment affirmed in part, reversed in part and remanded.
It is ordered that appellees and appellants split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P. J., AND ANNE L. KILBANE, J., CONCUR.