CONSOLO ET AL., APPELLEES, *v.* CITY OF CLEVELAND ET AL., APPELLANTS.

[Cite as *Consolo v. Cleveland,* 103 Ohio St.3d 362, 2004-Ohio-5389.]

(No. 2003–0230—Submitted January 14, 2004—Decided October 20, 2004.)

O'CONNOR, J.

{¶ 1} Appellees, including Santo Consolo, work as construction-equipment operators and master mechanics for appellant city of Cleveland. Thirty-eight of the 40 appellees are or were dues-paying members of appellant International Union of Operating Engineers, Local 18 ("Local 18"). On October 30, 2001, appellees filed a complaint in common pleas court seeking a declaratory judgment, a writ of mandamus, and a money judgment against appellants, asserting that appellants are illegally denying prevailing wages to appellees. Appellees contend that they are entitled to wages and benefits consistent with those of other city employees pursuant to a writ of mandamus that this court issued in 1992, ordering the city to pay back and future wages to them in accordance with Cleveland's city charter. *State ex rel. Internatl. Union of Operating Engineers v. Cleveland* (1992), 62 Ohio St.3d 537, 584 N.E.2d 727 ("*IUOE*"). Appellees claim that the city failed to pay increases in prevailing wages after 1993 and stopped paying pension contributions as part of appellees' compensation in 1998.

{¶ 2} Appellees also claim that in 1998, Local 18 negotiated with the city on their behalf but without their authorization. In a verbal agreement that appellees claim they never ratified, Local 18 agreed with the city that appellees would waive their right to receive a pension contribution and prevailing-wage increases. This agreement apparently occurred after the city and Local 18 agreed that the pension contributions were a windfall to appellees because they also participated in the public retirement system.

{¶ 3} As part of their claim regarding prevailing wages, appellees allege that the city has violated R.C. 124.38 in failing to provide paid sick leave and has treated appellees differently from similarly situated city employees by failing to provide certain employment benefits such as paid vacations, group term life insurance, and longevity pay. According to appellees, this disparate treatment has denied them equal protection of the law.

{¶ 4} Both the city and Local 18 filed motions to dismiss for lack of subject-matter jurisdiction and other deficiencies in the complaint. After a hearing, the trial court found appellees' allegations tantamount to unfair-labor-practice claims and thus within the exclusive jurisdiction of the State Employment Relations Board ("SERB"). The court granted appellants' motions to dismiss. The appellate court reversed, holding that the trial court did not lack jurisdiction over the equal-protection claim or, potentially, any claim regarding what constitutes a

"prevailing wage." The city and Local 18 have appealed, asserting, among other allegations, that SERB has exclusive jurisdiction to determine the claims raised by appellees. This cause is before us upon our acceptance of a discretionary appeal.

## I

### IUOE

{¶ 5} Appellants in this case were before us as opposing parties in *IUOE*, 62 Ohio St.3d 537, 584 N.E.2d 727. In that case, Local 18 sought a writ of mandamus in the court of appeals on behalf of the appellees here, asking that the city be ordered to pay "prevailing wages" as required by the city's charter. The city and Local 18 stipulated several facts, including that "as defined in R.C. 4117.01, the city recognized Local 18 as the exclusive bargaining representative of its construction equipment operators and master mechanics" and that no collective bargaining agreement existed at that time. *IUOE*, 62 Ohio St.3d at 538, 584 N.E.2d 727. The court of appeals refused to grant the writ because the actions alleged in the complaint "arguably constituted an unfair labor practice under R.C. 4117.11(A)(5)," over which SERB has exclusive jurisdiction. Id. We reversed that decision and issued the writ, noting that a collective-bargaining agreement did not exist and the rights Local 18 sought to enforce emanated from the city charter and not from R.C. Chapter 4117. We ordered back and future wages paid in conformity with the city charter.

{¶ 6} In the case sub judice, appellees claim that after *IUOE*, the city violated its charter by not annually increasing their wages and by reducing the retirement benefit that appellees accrue. Appellees argue that Local 18, by agreeing to these changes, essentially gave up the ground it had won for appellees in *IUOE*.

{¶ 7} Appellants counter that wages negotiated under R.C. Chapter 4117 prevail over conflicting laws, including city charters. Indeed, R.C. 4117.10(A) states, "[T]his chapter prevails over any and all other conflicting laws, resolutions, provisions, present or future, except as otherwise specified in this chapter or as otherwise specified by the general assembly." When asked to review this statute, we held, "The provisions of a collective bargaining agreement entered into pursuant to R.C. Chapter 4117 prevail over conflicting laws, *including municipal home-rule charters * * *.*" (Emphasis added.) *Cincinnati v. Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Employees, AFL–CIO* (1991), 61 Ohio St.3d 658, 576 N.E.2d 745, paragraph one of the syllabus. Appellees do not dispute this holding. They instead contend that the holding does not apply here because there is no collective-bargaining agreement.

{¶ 8} It is important to note that the appellees' allegations are contrary to facts stipulated in *IUOE*. Appellees assert that Local 18 is not and never has been

their exclusive bargaining representative. They also assert that the R.C. 4115.03(E) definition of "prevailing wage" is controlling. Before visiting the prevailing-wage issue, we first focus upon Local 18's relationship with appellees.

## II

### Local 18

{¶ 9} The city contends that appellees were in privity with Local 18 in *IUOE* and that the stipulations from *IUOE* estop appellees from asserting that Local 18 is not their exclusive bargaining representative. Collateral estoppel, however, does not apply because *IUOE* does not speak to Local 18's current status as collective-bargaining representative. Hence, even if appellees might otherwise have been estopped from litigating issues decided by *IUOE*, the identity of appellees' bargaining representative after 1992 was not an issue addressed in that opinion. Moreover, Local 18's status was neither actually litigated nor essential to our judgment. Local 18's status as a collective-bargaining representative appears to have been stipulated in *IUOE* to demonstrate its standing to file suit against the city. Here, appellees agree that Local 18 was a collective-bargaining agent but not their exclusive bargaining agent as contemplated by R.C. 4117.05. This distinction was immaterial to our *IUOE* decision. It may be key here. Therefore, *IUOE* does not bar appellees from arguing that Local 18 is not their exclusive bargaining agent.[1]

{¶ 10} The city and Local 18 do not dispute that they never entered into a collective-bargaining agreement and that Local 18 was never certified as the exclusive collective-bargaining agent for appellees. They both contend, however, that Local 18 is "deemed" certified because it represented appellees prior to the enactment of R.C. Chapter 4117. Section 4(A) of 1983 Am.Sub.S.B. No. 133, 140 Ohio Laws, Part I, 367. See *Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Employees, AFL–CIO v. Cincinnati* (1994), 69 Ohio St.3d 677, 681–682, 635 N.E.2d 361. They also assert that Local 18, in fact, negotiated on behalf of appellees. Appellants conclude that since Local 18 is deemed certified and has been treated as certified by the parties, any claim that Local 18 is no longer appellees' exclusive bargaining agent must be brought before SERB. Appellees counter that uncodified Section 4(A) is not applicable here.

{¶ 11} Under Section 4(A) of 1983 Am.Sub.S.B. No. 133, a bargaining representative is deemed certified where "specifically stated or through tradition, custom, practice, election, or negotiation the employee organization has been the only employee organization representing all employees in the unit" prior to April 1,

---

1. This holding does not, however, exclude appellants from citing *IUOE* to show that the parties have treated Local 18 as appellees' exclusive bargaining representative.

1984. The representative will be "deemed certified until challenged by another employee organization under the provisions of this act and the State Employment Relations Board has certified an exclusive representative." Id. See, also, *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 345, 587 N.E.2d 835.

{¶ 12} It is not clear whether Local 18 represented appellees prior to April 1, 1984. It is also unclear how long a representative can retain "deemed certified" status. Thus, there are questions of law and fact regarding whether Local 18 should be deemed to have been appellees' exclusive representative any time from 1994 through 1998. As SERB "has exclusive jurisdiction to decide matters committed to it pursuant to R.C. Chapter 4117," these questions must be first addressed by SERB. *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 167, 572 N.E.2d 87, paragraph one of the syllabus.

{¶ 13} Appellees claim that Local 18 breached a fiduciary duty by not becoming a certified exclusive bargaining agent. We will not address this claim. If SERB determines that Local 18 was deemed certified, this claim will be moot. Moreover, this claim centers upon actions that the appellees claim Local 18 should have taken under R.C. Chapter 4117, i.e., seeking SERB certification. "R.C. Chapter 4117 has created a series of new rights and set forth the remedies and procedures to be applied regarding those rights. * * * [T]hose remedies and procedures are exclusive." *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9*, 59 Ohio St.3d at 170, 572 N.E.2d 87. Therefore, any issues pertaining to Local 18's certification and fiduciary duties must be brought before SERB as an unfair-labor-practice allegation.

{¶ 14} Appellees also allege that Local 18 agreed to compensation adjustments on appellees' behalf without their authorization or ratification. Local 18's approval of the compensation adjustments takes us beyond the holding of *IUOE*. In that case, because the union never agreed to the unilateral wage changes, the city charter applied. Here, where Local 18 actively represents appellees and negotiates the terms and conditions of their employment, some form of collective bargaining occurred. Collective bargaining on behalf of public employees is the province of SERB.

{¶ 15} R.C. 4117.11(B) reads, "It is an unfair labor practice for an employee organization, its agents, or representatives, or public employees to:

{¶ 16} "(1) Restrain or coerce employees in the exercise of the rights guaranteed in Chapter 4117. * * *

{¶ 17} "(2) Cause or attempt to cause an employer to [commit an unfair labor practice]."

{¶ 18} If Local 18 negotiated a decrease in appellees' salaries without their knowledge or consent, that conduct would likely constitute an unfair labor practice under R.C. 4117.11(B)(1). Moreover, falsely informing the city that appellees had agreed to the changes could also violate R.C. 4117.11(B)(2). As SERB "has exclusive jurisdiction to decide matters committed to it pursuant to R.C. Chapter 4117," this question must also be first addressed by SERB. *Franklin Cty. Law Enforcement Assn.,* 59 Ohio St.3d 167, 572 N.E.2d 87, paragraph one of the syllabus.

{¶ 19} All of appellees' claims against Local 18 should have been brought before SERB. The trial court correctly dismissed those claims.

## III

### Prevailing Wages

{¶ 20} Appellees contend that the city violated its charter by not paying "prevailing wages," a term that encompasses wages and benefits. See R.C. 4115.03(E). This claim is twofold. First, the city allegedly failed to pay the prevailing wage by not giving raises from 1994 through 1998. Second, the city allegedly stopped providing the benefits required by R.C. 4115.03 in 1998.

{¶ 21} These issues are not ripe for our review. Because appellees allege that Local 18 approved or acquiesced in the compensation decisions, *IUOE* does not apply here. As addressed above, SERB should be given the opportunity to determine whether Local 18 was an employee organization, an exclusive representative, or neither. SERB also has exclusive authority to determine whether appellees' compensation levels were the result of collective bargaining. Where collective bargaining has occurred, R.C. Chapter 4117 prevails over any and all other conflicting laws.[2] *Franklin Cty. Law Enforcement Assn.,* 59 Ohio St.3d at 170, 572 N.E.2d 87. In *IUOE,* we stated that the city must comply with its charter, specifically because the employees' compensation was not a result of collective bargaining. If appellees' compensation levels were the result of collective bargaining under R.C. Chapter 4117, then the city's charter provisions would be inapplicable. We have already stated that SERB has exclusive jurisdiction to decide whether collective bargaining occurred.

{¶ 22} If appellees prevail before SERB on their claim that their wages did not result from collective bargaining, then the city charter controls. *IUOE,* 62 Ohio St.3d 537, 584 N.E.2d 727. Appellees' argument that the R.C. 4115.03(E)

---

2. "Except for sections 306.08, 306.12, 306.35, and 4981.22 of the Revised Code and arrangements entered into thereunder, * * * this chapter prevails over any and all other conflicting laws, resolutions, provisions, present or future, except as otherwise specified in this chapter or as otherwise specified by the general assembly." R.C. 4117.10(A). Appellees do not contend that the excepted sections apply here.

definition of "prevailing wages" should apply to the city charter will be considered only if the city charter is established as controlling. That said, we note that we have expressly held, "A city which has adopted a charter under the Home–Rule Amendment to the Ohio Constitution and has adopted civil service regulations consistent with the statutes with respect to civil service is not amenable to the provisions of * * * Section 4115.03 et seq., Revised Code, commonly referred to as the Prevailing Wage Law, with respect to the construction of public improvements with its classified civil service employees." *Craig v. Youngstown* (1954), 162 Ohio St. 215, 55 O.O. 110, 123 N.E.2d 19, syllabus.

## IV

### Equal Protection

{¶ 23} Appellees assert that they were denied equal protection because the charter grants other city employees paid sick leave, holidays, and vacation, term life insurance, dental insurance, longevity pay, and other benefits. Appellees, on the other hand, are provided with the right to negotiate these aspects of their employment. Appellees' equal-protection claim is not based on the language of the charter but rather on the alleged resulting disparity. If appellees and Local 18 had succeeded in negotiating a benefit package that was as good as or better than that received by the other employees, the claim would vanish. This equal-protection claim is simply a restatement of the unfair-labor-practice claims. "Courts should not decide constitutional issues if the case can be decided without reaching them." *Cincinnati v. Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Emp.*, 61 Ohio St.3d at 672, 576 N.E.2d 745, fn. 7, citing *Kinsey v. Bd. of Trustees of Police & Firemen's Disability & Pension Fund of Ohio* (1990), 49 Ohio St.3d 224, 225, 551 N.E.2d 989. Because the equal-protection claim is based upon alleged unfair labor practices, which, once resolved, might remedy the claimed compensation disparity, the equal-protection claim will not become ripe until after SERB reviews it. We therefore decline to rule upon the equal-protection claim now.

## V

### Conclusion

{¶ 24} All of the claims asserted by appellees relate to rights created by R.C. Chapter 4117. These claims must be pursued through SERB.

Judgment reversed.

MOYER, C.J., F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON and O'DONNELL, JJ., concur.

RESNICK, J., concurs in judgment only.

Persky, Shapiro & Arnoff Co., L.P.A., Steward D. Roll, Patricia M. Ritzert, and Paul R. Rosenberger, for appellees.

Sobodh Chandra, Director of Law, Jose M. Gonzalez and William A. Sweeney, Assistant Directors of Law, for appellant city of Cleveland.

Wuliger, Fadel & Beyer, William Fadel and Joan E. Pettinelli, for appellant International Union of Operating Engineers, Local 18.