JOURNAL ENTRY and OPINION
{¶ 1} The relator, the Municipal Construction Equipment Operators' Labor Council (hereinafter "the Union"), brought this mandamus action against the respondents, the City of Cleveland, the Mayor of Cleveland, and Cleveland City Council (hereinafter collectively referred to as "the City"), to obtain certain benefits for its union members, the City's construction equipment operators.
 {¶ 2} In its first claim, the Union seeks, pursuant to the City's Charter, Sec. 191, to compel the City to pay its members the prevailing wage paid in the building and construction trades for the subject period of time, which is January 30, 2003, when the Union became the certified union for the construction equipment operators, to February 13, 2005, when the City and the Union effected a collective bargaining agreement. In the second claim, the Union, pursuant to R.C. 124.38, seeks to compel the City to provide sick time benefits for the subject period and, in the third claim, the Union seeks payment of unused sick leave for retiree members during the subject period pursuant to R.C.124.39.
 {¶ 3} Both parties filed motions for summary judgment and briefs in opposition. This court concludes that there is no genuine issue of material fact and denies the application for a writ of mandamus.
 {¶ 4} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914, and State ex rel. Harris v. Rhodes
(1978), 54 Ohio St.2d 41, 374 N.E.2d 641. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State ex rel. Tran v.McGrath, 78 Ohio St.3d 45, 1997-Ohio-245, 676 N.E.2d 108, andState ex rel. Boardwalk Shopping Center, Inc. v. Court ofAppeals for Cuyahoga Cty. (1990), 56 Ohio St.3d 33,564 N.E.2d 86.
 {¶ 5} Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v.Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel.Shafer v. Ohio Turnpike Comm. (1953), 159 Ohio St. 581,113 N.E.2d 14; State ex rel. Connole v. Cleveland Bd. of Edn.
(1993), 87 Ohio App.3d 43, 621 N.E.2d 850; and State ex rel.Dayton-Oakwood Press v. Dissinger (1940), 32 Ohio Law Abs. 308.
 {¶ 6} Additionally, "the issuance of a writ of mandamus rests, to a considerable extent at least, within the sound discretion of the court to which application for the writ is made. The writ is not demandable as a matter of right, or at least is not wholly a matter of right; nor will it issue unless the relator has a clear right to the relief sought, and makes a clear case for the issuance of the writ. The facts submitted and the proof produced must be plain, clear and convincing before a court is justified in using the strong arm of the law by way of granting the writ." State ex rel. Pressley v. Indus. Comm.
(1967), 11 Ohio St.2d 141, 161, 228 N.E.2d 31.
 {¶ 7} In the present case, the Union had a remedy which it exercised and which now precludes the granting of mandamus, namely effecting a collective bargaining agreement. The agreement, effective February 14, 2005, provides on the last page that it "represents a complete and final understanding on all bargainable issues between the City and the Union * * *." This scope would necessarily include past grievances and the bargainable issues of benefits before the parties effected the agreement. Indeed, on the relevant issues, wages and sick time benefits, consideration was given for the time period prior to the effective date of the agreement. In the wages section, the parties agreed that the City would make a one-time lump sum payment of $2,500 to each employee who worked 1,400 or more hours during 2004; employees who worked less than 1,400 hours would receive an adjusted payment based on a percentage of hours worked. This provision was made in consideration of the fact that there had been no pay increases for some time before the agreement became effective.
 {¶ 8} On the issue of sick time benefits, the equipment operators had not received any paid sick time before the effective date of the agreement.[1] The agreement provided that upon ratification, all regular full-time employees would be credited with three days of paid sick leave. This further establishes that the scope of the agreement encompassed the bargainable issues of previous grievances and benefits.
 {¶ 9} Additionally, the agreement contained the following section:
Agreement Has No Effect on Pending Litigation
This agreement shall have no effect on or be used by either party to this Agreement, or any other entity, in lawsuits related to any claims for back or future pay benefits pertaining to prevailing wage rates, or outside contracts, except with respect to a $2,500.00 offset to any judgment against the City for back pay pertaining to the period of January 1, 2004 through January 31, 2005. Although the gravamen of this section would seem to preclude the use of the agreement as a bar to lawsuits such as this mandamus action, the use of the phrase "Pending Litigation" in the heading of this section limits the reach of the following clause to lawsuits pending on February 14, 2005. The Union did not commence the instant action until two months after the effective date of the agreement. Thus, the instant case falls outside the applicable savings clause. Accordingly, this mandamus action is barred because the Union had a remedy concerning its claims for prior benefits and exercised it.
 {¶ 10} Additionally, res judicata also bars this action. The City, the construction equipment operators and their unions have been litigating the issues of wages and benefits for approximately seventeen years. In 1989, the International Union of Operating Engineers, Local 18 (hereinafter "Local 18"), commenced a mandamus action in this court to compel the City to pay the prevailing wage pursuant to Cleveland Charter Section 191.[2] State, ex rel. Internatl. Union of OperatingEngineers v. Cleveland (1992), 62 Ohio St.3d 537,584 N.E.2d 727. The Ohio Supreme Court allowed the writ and directed the City to pay the prevailing wage, including future and back wages, to the equipment operators as required under the Charter.
 {¶ 11} On October 30, 2003, during the subject period of time, the Union filed a motion to show cause why the City should not be held in contempt for failing to comply with the Court's 1992 order to pay the prevailing wage. That claim is identical to the Union's first claim in the instant case. The Supreme Court considered the Union's motion and ruled "that appellees [the City] are found not to be in contempt." April 28, 2004 journal entry in Supreme Court Case No. 90-1780.
 {¶ 12} "It has long been the law of Ohio that `an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been
litigated in a first lawsuit' (emphasis sic) (quoting Rogers v.Whitehall [1986], 25 Ohio St.3d 67, 69, 494 N.E.2d 1387, 1388). We also declared that `[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it.'" Grava v. ParkmanTwp., 73 Ohio St.3d 379, 382, 1995-Ohio-331, 653 N.E.2d 226
quoting Natl. Amusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62, 558 N.E.2d 1178, 1180.
 {¶ 13} In Grava, the Supreme Court found that a valid, final judgment extinguishes a claim, stating "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions," are extinguished. Id. Thus, the Supreme Court's decision that the City was not in contempt of its previous order to pay the prevailing wage, extinguishes the Union's first claim, at the very least, that the City has a duty enforceable in mandamus to pay the prevailing wage. State ex rel. Banaszkewyczv. Merrick (1968), 15 Ohio St.2d 234, 238 N.E.2d 802 (a motion to produce transcript denied by the probate court precluded the same relief in mandamus because of res judicata), and State exrel. Welsh v. Ohio State Medical Bd. (1964), 176 Ohio St.3d 136,198 N.E.2d 74.
 {¶ 14} The Union has not established that this court has jurisdiction over these claims. In October 2001, various construction equipment operators commenced Consolo v. Clevelandand Local 18, Cuyahoga County Common Pleas Court Case No. CV-451905. The individual operators sought declaratory judgment, mandamus, and money damages from the City for prevailing wages pursuant to Charter Section 191 and sick time benefits as a matter of equal protection. The lawsuit also stated claims against Local 18 for unfair labor practices, alleging that it did not properly represent the equipment operators.
 {¶ 15} On appeal from our decision, the Ohio Supreme Court ruled that any claims against Local 18 should have been brought before SERB, because such claims involved alleged unfair labor practices. Consolo v. Cleveland, 103 Ohio St.3d 362,2004-Ohio-5389, 815 N.E.2d 1114. Thus, this court did not have jurisdiction over those claims. The Supreme Court also noted that, in 1998, there appeared to be some form of collective bargaining between Local 18 and the City. Local 18 agreed to compensation less than the prevailing wage and also agreed to a reduction in certain benefits, including retirement benefits, in exchange for the City's foregoing any recoupment of double retirement benefits it had paid. The Supreme Court ruled that SERB must first determine various threshold issues. Until SERB resolved whether Local 18 was the representative of the construction equipment operators and whether collective bargaining occurred, the matter was not ripe for judicial adjudication. Those issues are within SERB's exclusive jurisdiction. To the extent that there was collective bargaining over these matters, then SERB also has exclusive jurisdiction over the claims as unfair labor practices.
 {¶ 16} In addition, the Supreme Court dismissed the claim for sick time benefits as a restatement of the unfair labor practices claims and because the courts "should not decide constitutional issues if the case can be decided without reaching them."103 Ohio St.3d at 368, quoting Cincinnati v. Ohio Council 8,American Fedn. of State, Cty. and Mun. Emp., AFL-CIO (1991),61 Ohio St.3d 658, 672, 576 N.E.2d 745. Following this decision, SERB agreed in August 2005 to determine the issues noted by the Ohio Supreme Court, including: "Did the City and Local 18 negotiate and implement a benefits package that provided the construction equipment operators * * * with equal or better benefits than are provided by the City Charter?" Thus, SERB will examine at least to some extent the sick time issue.[3]
 {¶ 17} This court concludes that the claims sub judice are not justiciable, on the grounds of either jurisdiction or ripeness, at least until SERB has ruled on the issues raised inConsolo. If SERB determines that some form of collective bargaining determined wages and/or benefits, then under the "status quo ante" rule, SERB would retain jurisdiction of those matters.
 {¶ 18} In Young v. Washington Local School Dist. Bd. ofEdn. (1993), 85 Ohio App.3d 37, 41, 619 N.E.2d 62, the court held,
"Applying the common law of contracts to this case, we find that where both parties to a public employee collective bargaining agreement continue to operate as if there were a contract, and neither party breaches or indicates its intention to no longer be bound, then the status quo continues. We also hold that since the terms of a collective bargaining agreement, entered into under R.C. Chapter 4117, prevails over conflicting law unless it falls within one of exceptions listed in R.C.4117.10(A), the conflicting contract terms would prevail during this carryover period."
Cf. Internatl. Bhd. of Teamsters, Chauffeurs, Warehousemen Helpers of America, Local Union 20 v. Toledo (1988),48 Ohio App.3d 11, 548 N.E.2d 257; Cleveland Police Patrolmen's Assn. v.Cleveland (1994), 95 Ohio App.3d 645, 643 N.E.2d 559; SERB v.Cleveland, SERB HO 1997-HO-008 (1-24-97); and OAC 4117-9-02(E).
 {¶ 19} In the instant case, both the City and the construction equipment operators continued their relationship pursuant to the status quo terms without strike or lock-out. Therefore, this court concludes that the collective bargaining terms, if any, continued into the subject period of time and that jurisdiction remains with SERB.
 {¶ 20} Moreover, the Union has failed to show that jurisdiction does not properly lie with SERB. SERB's particular expertise in labor issues should be given deference. As the Supreme Court noted in Consolo: "SERB also has exclusive authority to determine whether appellees's compensation levels were the result of collective bargaining. Where collective bargaining has occurred, R.C. 4117 prevails over any and all other conflicting laws." Therefore, SERB, not this court, is the proper entity to determine the scope of the February 2005 collective bargaining agreement, especially the issues of whether benefits for the subject period of time as well as past grievances were part of the consideration for the current agreement.
 {¶ 21} Finally, mandamus will not issue in doubtful cases. It should issue only when there are clear legal rights and clear legal duties. The instant case lacks such clarity. In considering the preclusive effects of the February 2005 collective bargaining agreement, the International Union of Operating Engineers case, its subsequent contempt motion, the Consolo case, and any related issues, there are too many doubts and uncertainties concerning this matter for mandamus to issue.
 {¶ 22} The court notes that in Consolo, which concerned the prevailing wage under the Charter and benefits, including sick time, the plaintiffs sought a more comprehensive legal solution, seeking declaratory judgment relief and money damages in addition to mandamus relief. The unresolved issues in the instant case appear more appropriate for declaratory judgment, for which this court lacks jurisdiction. State ex rel. Neer v. Indus. Comm.
(1978), 53 Ohio St.2d 22, 371 N.E.2d 842; State ex rel. Bedocsv. Indus. Comm. (Nov. 25, 1986), Franklin App. No. 86AP-497; andState ex rel. Ministerial Day Care v. Zelman, (Cuyahoga App. No. 82128), 2003-Ohio-2653, affirmed, 100 Ohio St.3d 347,2003-Ohio-6447. Although an action for declaratory judgment is not necessarily an adequate remedy at law precluding mandamus, it may be. Furthermore, the court may consider the availability of declaratory judgment in exercising its discretion whether the writ should issue. State ex rel. Grendell v. Davidson,86 Ohio St.3d 629, 1999-Ohio-130, 716 N.E.2d 704; State ex rel. Satow v.Gausse-Milliken, 98 Ohio St.3d 479, 2003-Ohio-2074,786 N.E.2d 1289; and State ex rel. Eliza Jennings, Inc. v. Noble (1990),49 Ohio St.2d 71, 551 N.E.2d 128.
 {¶ 23} Accordingly, this court grants the City's motion for summary judgment, denies the Union's motion for summary judgment, and declines to issue the writ of mandamus. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
McMonagle, J. concurs.
Kilbane, J. Dissents (See Separate Dissenting Opinion).
[1] Because of the seasonal nature of the work of construction equipment operators, such workers in the private sector received a higher prevailing wage, but no benefits. Likewise, comparable City employees were entitled to the full prevailing wage, but no benefits.
[2] Local 18 represented the equipment operators at that time. However, the scope and duration of that representation is currently before the State Employment Relations Board ("SERB") in other related litigation.
[3] SERB has not yet rendered a decision.
 DISSENTING OPINION JOURNAL ENTRY