THE STATE EX REL. MUNICIPAL CONSTRUCTION EQUIPMENT OPERATORS' LABOR COUNCIL, APPELLANT, *v.* CITY OF CLEVELAND ET AL., APPELLEES.

[Cite as *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland,* 113 Ohio St.3d 480, 2007-Ohio-2452.]

(No. 2006–1688—Submitted April 3, 2007—Decided June 6, 2007.)

**Per Curiam.**

{¶ 1} This is an appeal from the denial of a petition for a writ of mandamus filed in the Court of Appeals for Cuyahoga County by appellant, Municipal Construction Equipment Operators' Labor Council ("Municipal Construction"), the certified bargaining representative of certain construction-equipment operators and master mechanics employed by the city of Cleveland, to compel appellees, Cleveland and its mayor and city council, to pay these employees the difference between the prevailing wage and the amounts they were actually paid from January 30, 2003, to February 13, 2005. Municipal Construction also appeals from the court of appeals' denial of its request for a writ of mandamus to compel Cleveland to provide sick-leave benefits for the same period and to pay for unused sick leave for certain retired members. Because at the time the court of appeals denied the writ the case was not ripe, we affirm the judgment of the court of appeals.

*Consolo v. Cleveland,* Cuyahoga App. No. 81117, 2002-Ohio-7065

{¶ 2} On October 30, 2001, certain construction-equipment operators and master mechanics employed by Cleveland filed a complaint in the common pleas court against the city and International Union of Operating Engineers, Local 18 ("Local 18"), an employee organization that had purported to represent the employees, for declaratory judgment, mandamus, and damages. These employ-

ees raised several claims, including that the city was obligated to pay them the prevailing wage without any offset for pension contributions, that the city had denied them equal protection of the law by failing to provide them with paid sick leave and other benefits that the city had provided to similarly situated city employees, that Local 18 was not the employees' exclusive bargaining representative, and that Local 18 had failed to adequately represent them. The common pleas court dismissed the case because the employees' allegations were tantamount to claims of unfair labor practice and were thus within the exclusive jurisdiction of the State Employment Relations Board ("SERB").

{¶ 3} On appeal, the court of appeals reversed the common pleas court's judgment in part. *Consolo v. Cleveland*, Cuyahoga App. No. 81117, 2002-Ohio-7065, 2002 WL 31839150. The court of appeals held that the common pleas court erred in dismissing the employees' claims because they did not necessarily arise out of or depend upon the public-employment collective-bargaining rights in R.C. Chapter 4117. Id. at ¶ 18.

*Consolo v. Cleveland,* 103 Ohio St.3d 362, 2004-Ohio-5389, 815 N.E.2d 1114

{¶ 4} On October 20, 2004, this court reversed the court of appeals' judgment in *Consolo* and held that the claims asserted by the Cleveland construction-equipment operators and master mechanics were correctly dismissed by the common pleas court because "[a]ll of the claims asserted * * * relate to rights created by R.C. Chapter 4117," and "[t]hese claims must be pursued through SERB." *Consolo v. Cleveland,* 103 Ohio St.3d 362, 2004-Ohio-5389, 815 N.E.2d 1114, ¶ 24.

## SERB's Post-*Consolo* Actions

{¶ 5} On January 30, 2003, SERB certified Municipal Construction as the exclusive representative of a bargaining unit including city employees in the classifications of Construction Equipment Operator A, Construction Equipment Operator B, and Master Mechanic.

{¶ 6} In April 2005, Municipal Construction filed a petition requesting that SERB appoint a hearing examiner to adjudicate the issues that this court held to be within SERB's exclusive jurisdiction in *Consolo,* 103 Ohio St.3d 362, 2004-Ohio-5389, 815 N.E.2d 1114. SERB granted the petition and directed that a hearing be held before an administrative law judge.

{¶ 7} On July 20, 2006, the administrative law judge recommended a determination on the specified issues, and on September 28, 2006, SERB adopted the recommendation and found that Local 18 was not a deemed-certified bargaining agent for construction-equipment operators employed by Cleveland. *In re Cleveland,* SERB 2006–008.

Collective–Bargaining Agreement Between
Municipal Construction and Cleveland

{¶ 8} Effective February 2005, Municipal Construction and Cleveland entered into a collective-bargaining agreement, which specified that the agreement "shall address all matters pertaining to hourly wages, and hours, or terms or conditions of employment mutually expressed between the parties." The agreement specified that "[i]n recognition of no wage increases for the period of January 1, 2004 through January 31, 2005, the City shall make a one-time lump sum payment of $2,500.00 to each employee who worked 1,400 or more hours during 2004, on the first regular pay-day after Agreement ratification." Under the agreement, all regular full-time employees would immediately be credited with three days of paid sick leave and would thereafter be credited with paid sick leave of ten hours per month, which is 15 days per year.

{¶ 9} The agreement also contained the following clause:

{¶ 10} "Agreement Has No Effect on Pending Litigation

{¶ 11} "This Agreement shall have no effect on or be used by either party to this Agreement, or any other entity, in lawsuits related to any claims for back or future pay of benefits pertaining to prevailing wage rates, or outside contracts, except with respect to a $2,500.00 offset to any judgment against the City for back pay pertaining to the period from January 1, 2004 through January 31, 2005."

{¶ 12} At the time of the agreement, no lawsuit on these matters was pending.

*State ex rel. Mun. Constr. Equip. Operators' Labor Council
v. Cleveland,* Cuyahoga App. No. 86263, 2006-Ohio-4273

{¶ 13} In April 2005, Municipal Construction filed an action in the Court of Appeals for Cuyahoga County against appellees, Cleveland and its city council and mayor. In its amended petition, Municipal Construction requested a writ of mandamus to compel the city to pay its members the prevailing wage paid in the building and construction trades from January 30, 2003 (the date that Municipal Construction became the certified collective-bargaining representative for the city's construction-equipment operators and master mechanics), to February 13, 2005 (the day before the collective-bargaining agreement between Municipal Construction and Cleveland became effective). Municipal Construction also sought a writ of mandamus to compel Cleveland to provide sick-leave benefits for the same period and to pay for unused sick leave for certain retiree members. The parties filed motions for summary judgment.

{¶ 14} On August 15, 2006, the court of appeals granted appellees' motion, denied Municipal Construction's motion, and denied the writ. *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland,* Cuyahoga App. No. 86263,

2006-Ohio-4273, 2006 WL 2374408. The court of appeals held that (1) Municipal Construction's claims were not ripe because they raise matters that are within the exclusive jurisdiction of SERB to initially determine, (2) Municipal Construction had an adequate remedy by way of its collective-bargaining agreement to resolve its claims for back wages and sick-leave benefits, and it exercised that remedy by negotiating the agreement, and (3) res judicata barred Municipal Construction's mandamus action because it raised the same claim in its 2003 contempt motion in this court in the *State ex rel. Internatl. Union of Operating Engineers v. Cleveland,* 102 Ohio St.3d 1419, 2004-Ohio-2003, 807 N.E.2d 365; and (1992) 62 Ohio St.3d 537, 584 N.E.2d 727.

{¶ 15} This cause is now before the court upon Municipal Construction's appeal as of right from the court of appeals' denial of the writ.

{¶ 16} Municipal Construction asserts that the court of appeals erred in denying the writ. As noted previously, the court of appeals cited several independent reasons for its denial of the writ, including that the claims were not ripe for review.

Ripeness

{¶ 17} "In order to be justiciable, a controversy must be ripe for review." *Keller v. Columbus,* 100 Ohio St.3d 192, 2003-Ohio-5599, 797 N.E.2d 964, ¶ 26. In *Consolo,* 103 Ohio St.3d 362, 2004-Ohio-5389, 815 N.E.2d 1114, the court held that the issues raised therein were not ripe for review because SERB had exclusive jurisdiction to initially resolve the issues:

{¶ 18} "Because [the employees] allege that Local 18 approved or acquiesced in the compensation decisions, [*Internatl. Union,* 62 Ohio St.3d 537, 584 N.E.2d 727] does not apply here. * * * SERB should be given the opportunity to determine whether Local 18 was an employee organization, an exclusive representative, or neither. SERB also has exclusive authority to determine whether [the employees'] compensation levels were the result of collective bargaining. Where collective bargaining has occurred, R.C. Chapter 4117 prevails over any and all other conflicting laws. * * * In [*Internatl. Union*], we stated that the city must comply with its charter, specifically because the employees' compensation was not the result of collective bargaining. If [the employees'] compensation levels were the result of collective bargaining under R.C. Chapter 4117, then the city's charter provisions would be inapplicable. We have already stated that SERB has exclusive jurisdiction to decide whether collective bargaining occurred." Id. at ¶ 21.

{¶ 19} After *Consolo,* SERB directed that a hearing be held before an administrative law judge to answer several questions, including the following:

{¶ 20} "(6) Were the wages of the construction equipment operators who were appellees in the *Consolo* case the result of collective bargaining between Local 18 and the City?

{¶ 21} "(7) Did the City and Local 18 negotiate and implement a benefits package that provided the construction equipment operators described in Paragraph (6) with equal or better benefits than are provided by the City Charter?"

{¶ 22} As noted by the court of appeals, if SERB ultimately determined that the wages and benefits for Cleveland's construction-equipment operators and master mechanics had been set by collective bargaining between Local 18 and the city, those bargaining terms would have continued until the collective-bargaining agreement between Municipal Construction and Cleveland became effective on February 14, 2005. 2006-Ohio-4273 at ¶ 19. Cf., e.g., *Young v. Washington Local School Dist. Bd. of Edn.* (1993), 85 Ohio App.3d 37, 41, 619 N.E.2d 62 ("where both parties to a public employee collective bargaining agreement continue to operate as if there were a contract, and neither party breaches or indicates its intention to no longer be bound, then the *status quo* continues"); Hastings, Manoloff, Sheeran & Stype, Baldwin's Ohio School Law (2007), Section 18:45 ("SERB has adopted a principle from federal labor law applicable to the private sector that during negotiations following the expiration of a collective bargaining agreement, the employer is generally required to 'maintain the status quo' as to wages and working conditions and that, therefore, at least for some purposes, the agreement effectively survives its expiration date").

{¶ 23} Municipal Construction claims that because no exclusive bargaining agent for these construction-equipment operators and master mechanics existed before SERB's certification of Municipal Construction in January 2003, the court of appeals erred in holding that this case was not ripe at the time of that court's judgment denying the writ. The issue of whether Local 18 was the exclusive representative of the employees, however, was raised by this court in *Consolo*, 103 Ohio St.3d 362, 2004-Ohio-5389, 815 N.E.2d 1114, ¶ 21, and SERB thereafter directed a hearing on the issue in order to resolve it. Nor did the lack of a collective-bargaining agreement between Local 18 and the city divest SERB of its initial jurisdiction to determine whether the employees' compensation levels resulted from collective bargaining. Id. at ¶ 10–12, 21.

{¶ 24} Municipal Construction also relies on the SERB administrative law judge's July 2006 recommended determination and SERB's September 2006 decision adopting that recommendation. Yet Municipal Construction did not notify the court of appeals of the administrative law judge's recommended decision in the proceedings below. Municipal Construction thus invited any error that exists in the court of appeals' failing to consider this recommended determination in its decision. *State ex rel. Lecklider v. School Emp. Retirement Sys.,*

104 Ohio St.3d 271, 2004-Ohio-6586, 819 N.E.2d 289, ¶ 20 (party is not entitled to take advantage of an error that the party itself induced the court to make). Further, the court of appeals' decision was rendered *before* SERB's final determination on the *Consolo* issues in September 2006.

{¶ 25} Based on the foregoing, the court of appeals did not err in denying the requested writ of mandamus, because at the time that the court rendered its decision, the claims were not ripe for review.

### Remedy to Address Municipal Construction's Claims

{¶ 26} This result does not leave Municipal Construction without any remedy to address the claims for back wages based on the prevailing wage and for sick-leave benefits for the applicable period from the January 30, 2003 date that SERB certified it as the exclusive representative of the city's construction-equipment operators and master mechanics until the February 14, 2005 effective date of the current collective-bargaining agreement. In fact, Municipal Construction and certain individual operators and mechanics have a pending case in this court that raises similar claims that cover the same period but does not suffer from the same ripeness defect. *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland,* case No. 2006–2056, 112 Ohio St.3d 1438, 2007-Ohio-152, 860 N.E.2d 764. We will examine these claims in that case.

### Other Grounds for Court of Appeals' Decision

{¶ 27} Because the ripeness determination renders moot Municipal Construction's challenge to the remaining grounds relied upon by the court of appeals to deny the writ—adequate remedy at law by way of collective bargaining and res judicata—we need not address these claims in this appeal. As noted previously, we will discuss these contentions in case No. 2006–2056.

### Conclusion

{¶ 28} Based on the foregoing, we affirm the judgment of the court of appeals because Municipal Construction's case was not ripe at the time the court rendered its decision.

*Judgment affirmed.*

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

———————

Stewart D. Roll and Patricia M. Ritzert, for appellant.

Robert J. Triozzi, Cleveland Director of Law, Theodore M. Monegan, Chief Assistant Director of Law, and José M. González, Assistant Director of Law, for appellee.