[Cite as *Rayco Mfg., Inc. v. Beard Equip. Co.*, 2014-Ohio-970.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| RAYCO MANUFACTURING, INC. | C.A. No. 11CA0057 |
| Appellee/Cross-Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BEARD EQUIPMENT COMPANY | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant/Cross-Appellee | CASE No. 10 CV 0244 |

DECISION AND JOURNAL ENTRY

Dated: March 17, 2014

---

CARR, Judge.

**{¶1}** Appellant/cross-appellee Beard Equipment Co. ("Beard") appeals the judgment of the Wayne County Court of Common Pleas that granted summary judgment in favor of appellee/cross-appellant Rayco Manufacturing, Inc. ("Rayco"). Rayco filed a cross-appeal to the judgment denying its motion to compel. This Court reverses and remands.

I.

**{¶2}** Rayco is an Ohio corporation in the business of manufacturing and selling equipment that is used in the forestry and landscaping industries. Beard is a Florida corporation that sells and services equipment, such as that manufactured by Rayco. Rayco and Beard entered into a dealership agreement wherein Rayco appointed Beard as its exclusive dealer for Rayco's products in certain counties in Alabama, Florida, and Louisiana. The agreement contained a forum selection clause that required legal proceedings arising out of the agreement to be heard in either the federal court located in the Northern District of Ohio or, if that court had no

jurisdiction, then in the state courts of Wayne County, Ohio. The agreement moreover contained certain covenants, including those wherein each party agreed "to save, indemnify and hold harmless" the other under certain circumstances. In addition, the agreement provided that "[w]here both parties have been contributory causes to any claim, suit damages, cost, and losses and expenses each party shall bear and sustain its' own damages, cost, losses, and expenses." (sic) The dealership agreement incorporated Exhibit C, Rayco's standard terms and conditions of sale document. Exhibit C included a provision warranting that Rayco's products will be free from defects in material and workmanship.

{¶3}    Beard thereafter sold a Rayco forestry mower to Josh Akridge in Alabama. Mr. Akridge subsequently filed a complaint in the Circuit Court of Clarke County, Alabama, against Rayco; Beard; and Joe Ecker and Jody Bach[1], individually and as representatives of Beard. The July 22, 2008 complaint alleged eight causes of action, including claims for breach of implied and express warranty, and respondeat superior. The breach of warranty claim (Count Four) alleged in part that "the defendants expressly in writing and impliedly under the law, warranted that the Mower was free of defects when in fact the Mower had defects and had been damaged[.]" In addition, Count Four alleged that "[t]he aforesaid breach of warranty of each of the above described defendants * * * combined and concurred, and as a proximate consequence thereof, the plaintiff was injured and damaged * * *."

{¶4}    A little more than a year and a half later, Rayco filed a complaint against Beard in the Wayne County Court of Common Pleas, in which it alleged a claim for breach of contract (relating to the dealership agreement), and a claim for declaratory judgment seeking a declaration that Beard was contractually obligated to indemnify Rayco in the Alabama litigation.

---

[1] Evidence in the record indicates that the correct spelling of his last name is Bacque.

Subsequently, Mr. Akridge filed a second amended complaint in Alabama, alleging in Count Nine an additional claim under Alabama's extended manufacturer's liability doctrine.

{¶5} On June 21, 2010, Beard filed both a motion to dismiss Rayco's complaint filed in the Wayne County Court of Common Pleas, and an answer to Rayco's complaint. In its motion to dismiss, Beard argued that Rayco's complaint failed to state a claim upon which relief can be granted because the trial court lacked subject matter jurisdiction to hear the claims which were not yet ripe. Specifically, Beard asserted that the dealer agreement included no express duty to "defend." In the alternative, Beard moved to stay the proceedings pending resolution of the Alabama litigation. In its answer, Beard raised multiple defenses, including the failure to state a claim upon which relief can be granted and the inapplicability of the indemnity provision in the dealer agreement because Mr. Akridge alleged a manufacturing and/or design defect in the mower and, per the parties' agreement, Rayco was responsible for manufacturing and/or design defects.

{¶6} Rayco opposed Beard's motion to dismiss, arguing that Beard's duty to indemnify Rayco constituted a duty to defend that was triggered by the filing of Mr. Akridge's complaint. Rayco argued that its Ohio claims were ripe because it had already been harmed by the need to pay for its own defense in Alabama. Beard replied that, because Mr. Akridge alleged that the mower was defective and Rayco had a contractual duty to indemnify Beard against defects, the indemnification provision in favor of Rayco was not yet triggered. Beard argued that indemnification implicates the right of one party to compel another to pay damages; therefore, the issue of liability must first be determined. Beard argued that Rayco's claims were not ripe because Rayco must be completely absolved from liability before it might be entitled to

indemnification by Beard. The trial court denied both Beard's motion to dismiss and motion to stay.

{¶7} Beard filed a motion for reconsideration of its motions to dismiss and, alternatively, stay the proceedings. Beard asserted that the Alabama court had denied Rayco's motion to dismiss or decline to exercise jurisdiction. In conclusion, Beard argued: (1) Rayco's liability for design or manufacturing defects would preclude indemnification by Beard; (2) Rayco's contributory liability would preclude indemnification by Beard; and (3) Rayco would be required to indemnify Beard for any design or manufacturing defects. Because the Alabama court had not yet determined those issues, Beard argued that Rayco's Ohio claims were not ripe.

{¶8} Rayco opposed the motion to reconsider, arguing that the trial court could not consider materials outside the pleadings with regard to a motion to dismiss filed pursuant to Civ.R. 12(B)(6). The trial court could, therefore, not consider the Alabama court order denying Rayco's motion to dismiss. In addition, Rayco emphasized the parties' dealer agreement wherein the indemnification provisions referenced "all claims." Although Rayco acknowledged that the duty to indemnify might not arise until later, it argued that a duty to defend may be triggered by an obligation to indemnify against "all" claims of a certain nature. In the alternative, Rayco argued that although the duty to indemnify may not arise until later, the indemnitor may nevertheless be required to pay all expenses arising out of the defense as well as the liability. Based on Mr. Akridge's allegations in his complaint, coupled with Beard's knowledge and control over the communications between Beard and Mr. Akridge, Rayco argued that the dealer agreement indemnification provision imposed a duty to defend on Beard under these circumstances.

{¶9} In reply, Beard argued that the trial court may consider any materials with regard to a motion to dismiss pursuant to Civ.R. 12(B)(1), for lack of subject matter jurisdiction. This was Beard's first reference to (B)(1); it had earlier cited (B)(6). Beard emphasized that it had not contracted to indemnify Rayco against "all" claims based on the plain language of the parties' agreement which enumerated exceptions to Rayco's right to indemnification. Beard argued that, if these exceptions applied, Rayco would not be entitled to indemnification.

{¶10} Rayco filed a sur-reply, noting that Beard for the first time in its reply invoked Civ.R. 12(B)(1), rather than (B)(6). It argued that Beard could not change the basis for its motion in a reply brief. Nevertheless, Rayco too appended materials outside the scope of a motion pursuant to Civ.R. 12(B)(6). Specifically, Rayco argued that Beard ignored the forum selection clause in the parties' dealer agreement and moved the Alabama court to resolve the Rayco/Beard dispute regarding indemnification by filing a cross-claim in the Alabama case. Rayco argued that this was not a matter for the Alabama court, as it served to divide the necessary alliance between Rayco and Beard in Alabama, and forced them to pursue competing theories to absolve themselves of liability at the other's expense. The trial court denied Beard's motion for reconsideration.

{¶11} The parties filed competing motions for summary judgment. Each side further filed a brief in opposition to the other's motion. On August 19, 2011, the trial court issued a judgment entry in which it granted Rayco's motion for summary judgment and denied Beard's motion for summary judgment. The court concluded that Beard breached its agreement with Rayco. It scheduled a subsequent damages hearing at which time it would determine Rayco's damages, specifically the reasonable costs and fees it expended in defending the Alabama litigation during the relevant time period, as well as the reasonable costs and fees it expended in

defending the Ohio action. The court declared that Beard was contractually obligated to indemnify Rayco in the Alabama litigation from July 22, 2008, to June 1, 2011. It further declared that Beard would once again be obligated to indemnify Rayco in the Alabama litigation if Count Nine of Mr. Akridge's Second Amended Complaint were dismissed or summary judgment was granted against Mr. Akridge on that count.

{¶12} The parties attempted to engage in discovery regarding the damages issue. Due to numerous disputes regarding discovery, the damages hearing was continued until November 1, 2011. Immediately prior to hearing, the parties argued their respective pretrial motions. The trial court orally denied Beard's motion to strike or preclude the testimony of Rayco's expert and orally denied Rayco's motion to compel Beard to provide its own legal bills relevant to the Ohio matter.

{¶13} On November 21, 2011, the trial court issued its judgment awarding damages to Rayco in the total amount of $116,633.55. This amount was comprised of $27,897.50 for Ohio counsel and $21,291.84 for local Alabama counsel in connection with the defense of the Alabama litigation; $60,855.50 for attorney fees and $703.91 in costs in connection with the prosecution of the Ohio indemnification case; and $5884.80 for expert witness fees in connection with its litigation of damages in the Ohio indemnification case.

{¶14} Beard filed a timely appeal the next day, raising two assignments of error. Rayco subsequently filed a timely cross-appeal, raising one assignment of error.

II.

### BEARD'S FIRST ASSIGNMENT OF ERROR

THE COURT ERRED BY DENYING BEARD'S MOTION FOR SUMMARY JUDGMENT AND GRANTING RAYCO'S MOTION FOR SUMMARY JUDGMENT.

**{¶15}** Beard argues that the trial court erred by granting Rayco's motion for summary judgment and denying its own motion for summary judgment. This Court agrees.

**{¶16}** This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

**{¶17}** Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

**{¶18}** To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶19} The non-moving party's reciprocal burden does not arise until after the moving party has met its initial evidentiary burden. To do so, the moving party must set forth evidence of the limited types enumerated in Civ.R. 56(C), specifically, "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact[.]" Civ.R. 56(C) further provides that "[n]o evidence or stipulation may be considered except as stated in this rule."

{¶20} The following facts are not in dispute. Rayco drafted a dealership agreement that it required all dealers who would be selling Rayco's products to execute. Rayco was designated as "company," in those agreements and the seller was designated as "distributor." Rayco and Beard entered into such an agreement that contained the following indemnification provision:

> In consideration of the separate responsibilities of the parties in the manufacture and service of product, company agrees to save, indemnify and hold harmless distributor from and against all law suits, damages, cost, losses and expenses that may be made or suffered by anyone in any manner arising out of the design and manufacture of product sold to distributor except as heretofore provided; distributor agrees to save, indemnify, and hold harmless company from and against any and all claims, suits, damages, cost, losses, and expenses that may be made or suffered by anyone in any manner resulting from or arising out of the sale, rental, lease, modification, alteration, installation or servicing of the product by its employees or agents. Where both parties have been contributory causes to any claim, suit damages, cost, and losses and expenses each party shall bear and sustain its' own damages, cost, losses, and expenses. The parties shall cooperate in the resolution or defense of such claims or litigation. (sic).

{¶21} Rayco argued in its motion for summary judgment that the parties' indemnification provision required Beard to defend Rayco in the Alabama litigation from its inception. In its complaint, it sought a declaration to that effect, as well as a finding that Beard breached the terms of the dealership agreement by refusing to provide such a defense. The crux of its argument was that, although the indemnification provision did not expressly recite a duty to defend, defense was warranted because the provision was triggered pursuant to the pleading rule.

In other words, Rayco argued that Mr. Akridge's Alabama complaint pleaded allegations which fell within the coverage of the indemnification provision, thereby implicating a duty by Beard to defend Rayco against such claims.

{¶22} As indemnity provisions are construed in the same manner as other contractual agreements, "[t]he nature of an indemnity relationship is determined by the intent of the parties as expressed by the language used." *Worth v. Aetna Cas. & Sur. Co.*, 32 Ohio St.3d 238, 240 (1987). The parties' provision did not expressly include any obligation to defend.

{¶23} Rayco here relies heavily on two Ohio Supreme Court cases in support of his argument that Beard had a duty to provide Rayco's defense in the Alabama case. Specifically, Rayco relies on *Worth, supra*, in support of its argument that Beard must pay its ongoing attorney fees and costs. *Worth*, however, involved a contractual provision entitling certain company executives to *reimbursement* of attorney fees incurred, up to a certain limit, in their efforts to enforce their employment agreements after a change in company ownership. The provision did not require the company to provide the underlying defense, but rather to reimburse the executives for their legal expenses. The company understood that the future new management might not want to pay the executives the benefits for which they had contracted, and the purpose of the reimbursement provision was to prevent the executives from ultimately retaining their benefits but realizing a net loss due to legal expenses incurred in pursuing payment of those benefits. The *Worth* court held that "an indemnitor's express agreement to indemnify an indemnitee *for qualified legal expenses incurred* is enforceable * * *. In the event that the indemnitor wrongfully refuses to honor its obligations, the indemnitee may recover its legal expenses." *Id.*, 32 Ohio St.3d at 242.

**{¶24}** This Court does not read *Worth* to compel a party to assume the initial burden for an ongoing defense for an indemnitee, especially in the absence of any such express provision. If Beard is ultimately found liable and Rayco is absolved from liability in the Alabama case, there is authority to allow the court in its discretion to order Beard to reimburse Rayco for its legal expenses incurred in defending itself as part of its indemnification obligation. But the plain language of the parties' agreement does not impose an express duty to defend.

**{¶25}** This situation is not analogous to situations involving insurance companies where the insurance company has an inherent duty to defend the insured. *Preferred Mut. Ins. Co. v. Thompson*, 23 Ohio St.3d 78, 80 (1986) ("An insurance company has a duty to defend an action against its insured when the allegations of the complaint against the insured bring the action within the coverage of the insured's policy."). That inherent duty clearly arises "where the pleadings unequivocally bring the action within the coverage afforded by the policy," and it may otherwise arise where the allegations "state a claim which is potentially or arguably within the policy coverage, or [where] there is some doubt as to whether a theory of recovery within the policy coverage had been pleaded[.]" *Willoughby Hills v. Cincinnati Ins. Co.*, 9 Ohio St.3d 177, 180 (1984). In cases such as the instant one, however, the purpose of an indemnification provision is to protect one party or both from liability for the negligent acts of the other, and the parties are free to negotiate the terms and limitations of the indemnification as they may agree. *E.g., Krasny-Kaplan Corp. v. Flo-Tork, Inc.*, 66 Ohio St.3d 75, 77 (1993) ("[A] contractual provision between the parties may shift costs of presenting a defense from one party to another – the parties have the ability to contractually require one codefendant either to supply the other's defense or to reimburse the other for attorney fees expended."). Such provisions will be enforced as long as they are not void as against public policy. *See, e.g., Best v. Energized*

*Substation Serv.*, 9th Dist. Lorain No. 93CA005737, 1994 WL 440471 (Aug. 17, 1994). Here, Rayco and Beard did not expressly contract to provide a defense for one another.

**{¶26}** Nevertheless, Rayco further relies on the Ohio Supreme Court's decision in *Allen v. Standard Oil Co.*, 2 Ohio St.3d 122 (1982), for the proposition that the agreement's language regarding indemnity for "all claims" or "suits" gave rise to Beard's duty to defend Rayco in the Alabama action. As an initial matter, this Court notes that the contract in *Allen* stated that "Carrier agrees to indemnify, save harmless, and *defend* Sohio from and against all and any liabilities, * * * claims, * * * of whatsoever nature * * *." Accordingly, the parties in that case expressly agreed that the carrier would provide a defense. That is not the case in the matter before us, although the absence of language regarding defense is not dispositive.

**{¶27}** Rayco accurately asserts that the high court in *Allen* reiterated that it generally follows the pleading rule in determining whether a duty to defend exists. *Allen*, 2 Ohio St.3d at 124. "For purposes of the pleading rule the question is whether the allegations contained in the complaint fall within the coverage of the policy." *Id*. The *Allen* court refused to apply the pleading rule in that particular case, however, because the parties' agreement negated the carrier's duty to defend and indemnify "where the separate intervening negligence of Sohio or third persons is the proximate cause of the accident." *Id.* at 123. Because that agreement premised the existence of the carrier's duties on the ultimate finding regarding the parties' respective liability, the high court found the pleading rule inapposite. *Id.* at 125.

**{¶28}** Where the pleading rule is not applicable, the court may necessarily look to matters beyond the pleadings. The *Allen* court enunciated the applicable rule as follows: "[W]hen an indemnitor expressly agrees to indemnify an indemnitee *except in certain specified instances and it is determined that the exceptions do not pertain,* then the indemnitor is obligated

to indemnify the indemnitee under the terms of the agreement." (Emphasis added) *Id*. Accordingly, the court looked beyond the mere allegations in the complaint to the ultimate assessment of liability, given the parties' agreement to relieve the carrier of its duty to defend where Sohio's or a third party's negligence was the proximate cause of injury. In *Allen*, the high court was able to ultimately conclude that the carrier was not relieved of its duty to indemnify Sohio because the merits of the underlying negligence action had already been determined, and neither Sohio nor a third party was found to be liable. That is a significant distinction from the case before this Court, where the parties' indemnification provision delineates "certain specified instances" under which each is to indemnify the other and also where each must bear its own costs.

{¶29} Beard argued in its motion for summary judgment that Rayco's claims against it were not ripe for consideration. This Court agrees. To obtain a declaratory judgment, the plaintiff must prove that there exists "(1) a real controversy between the parties, (2) a controversy which is justiciable in character, and (3) a situation where speedy relief is necessary to preserve the rights of the parties." *Williams v. Akron*, 54 Ohio St.2d 136, 144 (1978). "In order to be justiciable, a controversy must be ripe for review." *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 113 Ohio St.3d 480, 2007-Ohio-2452, ¶ 17, quoting *Keller v. Columbus*, 100 Ohio St.3d 192, 2003-Ohio-5599, ¶ 26. In determining whether a claim is justiciable, courts consider "(1) whether delayed review would cause hardship to the plaintiffs; (2) whether judicial intervention would inappropriately interfere with further [] action; and (3) whether the courts would benefit from further factual development of the issues presented." *Ohio Forestry Assn., Inc. v. Sierra Club*, 523 U.S. 726, 733 (1998).

**{¶30}** In this case, Rayco has already expended the money for its defense in the Alabama case. Therefore, further delay will not cause any additional hardship to it. Second, judicial intervention by the Ohio court at this time may inappropriately interfere with further action by the Alabama court. The Ohio court's determination that Beard is obligated to defend Rayco notwithstanding the exceptions in the parties' indemnification agreement may inappropriately indicate that the Ohio court has considered the limited evidence before it relevant to the underlying Alabama claims and concluded that Rayco should be absolved of all liability. Any potential preclusive effect of such a legal conclusion would necessarily interfere with the Alabama court's resolution of Mr. Akridge's complaint. Finally, because it is not within the Ohio court's authority to determine the substantive issue of liability in the underlying Alabama case, further factual development of the issue of indemnification is necessary, but it can only exist upon resolution of the Alabama litigation. Accordingly, the issue of whether or not Beard owes a duty to indemnify Rayco in the Alabama case is not ripe at this time.

**{¶31}** Moreover, applying *Allen* as requested by Rayco, it appears that this is not the case in which the pleading rule would apply. The parties' agreement provided that Beard will indemnify Rayco against certain types of claims, that Rayco will indemnify Beard against certain other types of claims, and that each party would bear its own costs where both have been "contributory causes to any claim * * *." Given that the indemnification provision provides for "certain specified instances" in which one party or both would be excused from indemnifying the other, it is necessary and proper to look beyond the mere allegations in the Alabama complaint. Both parties agreed that the Alabama litigation had not been resolved at the time relevant to the trial court's determination of the parties' competing motions for summary judgment.

{¶32} Rayco argues that Mr. Akridge's initial complaint did not allege any claims against it that invoked Rayco's duty to indemnify Beard. Even applying the pleading rule as Rayco proposes, however, this Court disagrees. Mr. Akridge alleged in several of his counts that all the defendants' actions "combined and concurred" to cause him harm. Such allegations implicated the provision in Rayco's and Beard's agreement that "each party shall bear and sustain its[] own damages, cost, losses, and expenses" where both "have been contributory causes to any claim * * *." Moreover, Mr. Akridge alleged that the defendants warranted the mower to be free from defects when it was not, and warranted the mower to be merchantable and fit for the ordinary purpose for which it was intended when it was not. Such allegations implicated the provision in the parties' agreement that Rayco would indemnify Beard against all suits arising out of the design and manufacture of the product. Therefore, even on the face of the Alabama complaint, Rayco is alleged to be liable for some of the damages sustained by Mr. Akridge. To the extent that the trial court did not recognize these claims as alleging Rayco and Beard to be contributory causes and as alleging design and/or manufacturing defects, it erred.

{¶33} Because Beard's liability has not yet been determined, it is not possible to determine whether it maintains any duty to indemnify or defend Rayco. By the same reasoning, because Rayco's liability has not yet been determined, it is not possible to determine whether Rayco maintains any duty to indemnify or defend Beard.

{¶34} The trial court concluded that the issue of Beard's obligation to indemnify Rayco after Mr. Akridge filed his second amended complaint in which he added a count alleging a claim under Alabama's extended manufacturer's liability doctrine (a product liability cause of action) could not yet be determined. It reasoned that that claim clearly implicated the provision in the parties' agreement that Rayco indemnify Beard for any design or manufacturing claims.

The trial court declared that Beard would again be obligated to indemnify Rayco after the date of the filing of the second amended complaint if the Alabama court ruled in Rayco's favor on that claim. Implicitly then, the trial court concluded that the issue of indemnification was not ripe for review until after that claim had been disposed in the Alabama litigation. Rayco does not challenge the trial court's conclusion in that regard.

{¶35} The circumstances are no different as they relate to Mr. Akridge's initial complaint. Although the pleading rule was inapposite in this case, even were this Court to apply it as argued by Rayco, Mr. Akridge's allegations in the initial complaint reasonably implicated the "certain specified instances" in the parties' indemnification agreement which potentially exempted Beard or both parties from indemnifying the other.

{¶36} Based on this Court's de novo review, we conclude that the issue of indemnification was not ripe for the trial court's review. The trial court could not determine the rights and obligations of the parties under the indemnification provision because the Alabama litigation, which implicated the exceptions in the parties' agreement, had not yet been resolved. The trial court recognized this in its ruling that Beard did not yet have an obligation to indemnify Rayco against the claims raised in Mr. Akridge's second amended complaint. Rayco has not presented any evidence that it will experience any greater hardship by waiting for the resolution of the Alabama litigation that it has already experienced by paying for its own defense. Furthermore, because Rayco's declaratory judgment claim was not ripe for determination, the trial court could not have granted judgment in favor of Rayco on its breach of contract claim either, because any declaration necessarily would have been inextricably intertwined with the court's finding regarding liability for breach of contract. Accordingly, the trial court erred in granting summary judgment in favor of Rayco. Moreover, because Rayco's claims were not ripe

for its consideration, the trial court erred in denying Beard's motion for summary judgment and refusing to dismiss Rayco's claims. Beard's first assignment of error is sustained.

## BEARD'S SECOND ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING ATTORNEY FEES AND COSTS IN THE AMOUNT OF $116,633.55.

{¶37} Beard argues that the trial court abused its discretion in awarding attorney fees and costs in the amount of $116,633.55. Based on our resolution of Beard's first assignment of error, its second assignment of error has been rendered moot and we decline to address it. *See* App.R. 12(A)(1)(c).

## RAYCO'S ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING CROSS-APPELLANT'S MOTION TO COMPEL.

{¶38} Rayco argues that the trial court erred by denying its motion to compel Beard to produce its billing statements relevant to the indemnification case. Based on our resolution of Beard's first assignment of error, Rayco's assignment of error has been rendered moot and we decline to address it. *See* App.R. 12(A)(1)(c).

III.

{¶39} Beard's first assignment of error is sustained. This Court declines to address Beard's second assignment of error and Rayco's sole assignment of error. The judgment of the Wayne County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee/Cross-Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
CONCURS.

BELFANCE, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶40} I concur in the majority's judgment. I agree that the trial court's judgment must be reversed as Beard cannot be said to have breached the indemnity clause in the dealership agreement prior to a determination of its liability to the third party. Thus, because the Alabama litigation is ongoing, the present suit is not ripe and should be dismissed without prejudice.

APPEARANCES:

HARRY A. TIPPING, CHRISTOPHER A. TIPPING and HAROLD M. SCHWARZ, III, Attorneys at Law, for Appellant/Cross-Appellee.

DAVID J. WIGHAM, TIMOTHY B. PETTORINI and ANDREW P. LYCANS, Attorneys at Law, for Appellee/Cross-Appellant.