OPINION *Page 2 
{¶ 1} Defendant-appellant Joshua Archer appeals from the decision of the Columbiana County Common Pleas Court that sentenced him to the maximum sentence on his rape conviction and designated him a sexual predator. Two issues are raised in this appeal. The first issue is whether the maximum sentence given by the trial court violated State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. The second issue is whether the record contains clear and convincing evidence to support the sexual predator designation. For the reasons stated below, the sexual predator designation is affirmed, however, in accordance with Foster, the sentence is vacated and the case is remanded for resentencing.
 STATEMENT OF FACTS {¶ 2} On January 27, 2005, Archer was indicted on one count of rape in violation of R.C. 2907.02(A)(1)(b). The indictment contained a force specification and an age specification that indicated that the victim was less than 10 years old at the time of the rape. This charge, with the specifications, carried a mandatory life imprisonment sentence if the offender was found guilty.
 {¶ 3} On March 11, 2005, Archer pled not guilty. On September 30, 2005, Archer withdrew his not guilty plea and entered a guilty plea. As part of a plea agreement, the state dismissed the age and force specifications. Thus, the offense carried a minimum sentence of three years, but a maximum sentence of 10 years.
 {¶ 4} On December 9, 2005 a joint sentencing hearing and a sexual predator determination hearing was held. Archer was sentenced to the maximum sentence, 10 years. The trial court made findings in accordance with the felony sentencing statute. The trial court also determined that Archer should be designated a sexual predator pursuant to R.C. 2950.01. Archer appeals the sentence and sexual predator designation.
 FIRST ASSIGNMENT OF ERROR {¶ 5} "THE SENTENCE IN THIS MATTER MUST BE VACATED AND REMANDED FOR NEW HEARING IN ACCORDANCE WITH STATE VS. FOSTER,-N.E.2D — ,2006 WL 509549 (OHIO), 20006-OHIO-856 (2006)." *Page 3 
 {¶ 6} The Ohio Supreme Court in Foster declared portions of Ohio's felony sentencing statute unconstitutional. For instance, it held that the R.C. 2929.14(C) requirement that, in order to sentence an offender to the maximum possible prison term, particular findings must first be made by the trial court, violated the offender's right to a jury trial.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, citing Blakely v.Washington (2004), 542 U.S. 296. Thus, it declared R.C. 2929.14(C) unconstitutional and severed it from the statute. Foster,109 Ohio St.3d 1, 2006-Ohio-856. The Ohio Supreme Court then mandated that all cases "pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion." Id. at ¶ 104.
 {¶ 7} Here, Archer was sentenced to the maximum sentence and when ordering that sentence the trial court made findings in accordance with R.C. 2929.14(C). As that section has been rendered unconstitutional, pursuant to Foster, the sentence must be vacated and the cause remanded for resentencing. This assignment of error has merit.
 SECOND ASSIGNMENT OF ERROR {¶ 8} "APPELLANT'S DESIGNATION AS A SEXUAL PREDATOR MUST BE VACATED AND MODIFIED TO A DESIGNATION AS A SEXUALLY ORIENTATED OFFENDER."
 {¶ 9} Under this assignment, Archer argues that the record does not contain clear and convincing evidence demonstrating that he is likely to commit one or more sexually oriented offenses in the future.
 {¶ 10} R.C. 2950.01(E)(1) defines a sexual predator as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Here, Archer pled guilty to a sexually oriented offense that is not a registration-exempt sexually oriented offense; thus, the remaining criteria for the trial court to determine at the sexual predator hearing was whether or not Archer was "likely to engage in the future in one or more sexually oriented offenses."
 {¶ 11} R.C. 2950.09(B)(3) sets forth factors a trial court must look at when making that determination. These include: the offender's age; the age of the victim; *Page 4 
whether or not there were multiple victims; the offender's entire prior criminal record, which includes and is not limited to sexual offenses; if the offender had previously been convicted of or pleaded guilty to a criminal offense and if that prior offense was a sex offense or a sexually oriented offense; whether the offender participated in any available programs for sexual offenders; whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; any mental illness or mental disability of the offender; the nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether that sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; whether the offender during the commission of the sexually oriented offense for which sentence is to be imposed displayed cruelty or made threats of cruelty; and any additional behavioral characteristics that contribute to the offender's conduct.
 {¶ 12} The trial court has significant discretion in evaluating factors that may be relevant to its recidivism determination and such determinations are to be afforded great deference. State v.Robertson, 147 Ohio App.3d 94, 2002-Ohio-494. The statute does not direct the court on what weight, if any, a judge must assign to each factor. State v. Thompson, 92 Ohio St.3d 584, 588, 2001-Ohio-1288.
 {¶ 13} After considering all of the evidence and applying the statutory factors of R.C. 2950.09(B)(3), the court must make a determination of whether the sexual predator classification is supported by clear and convincing evidence. R.C. 2950.09 (C)(2)(b). Clear and convincing evidence is evidence "which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." State v. Garcia (1998), 126 Ohio App.3d 485, 487. While clear and convincing evidence is "more than a mere preponderance" of the evidence, it is less than that which constitutes "beyond a reasonable doubt." State v. Danby (1983), 11 Ohio App.3d 38, 41, citing Cross v.Ledford (1954), 161 Ohio St. 469, 477.
 {¶ 14} In making its determination of whether an offender is a sexual predator, the trial court need only consider the relevant factors in R.C. 2950.09(B)(3). State v. Cook, 83 Ohio St.3d 404, 426, 1998-Ohio-0291. R.C. 2950.09(B)(3) does not require that each factor be met; rather, it simply requires the trial court to consider the relevant factors. State v. Grimes (2001), 143 Ohio App.3d 86, 89. In a sexual predator *Page 5 
hearing, the Rules of Evidence are not strictly applied and the court can look to reliable hearsay, such as a presentence investigation report. Id. at 425. "Once it is established that the offender has committed a sexually oriented offense, the key to any sexual-offender classification hearing is determining whether the offender is likely to reoffend in the future." State v. Hunter (2001), 144 Ohio App.3d 116,122. However, the trial court must discuss in the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of committing a future sexually oriented offense. State v. Eppinger, 91 Ohio St.3d 158, 166, 1998-Ohio-247.
 {¶ 15} We review the trial court's sexual predator determination under the following standard of review:
 {¶ 16} "To determine whether the trial court's finding of the offender's likelihood of re-offending is supported by clear and convincing evidence, an appellate court must conduct its own review of 'the evidence in the transcripts, victim impact statements, pre-sentence investigation reports, prior history of arrests and convictions, age, etc., presented at the sexual offender classification hearing with respect to R.C. 2950.09(B)(2) factors.' State v. Crooks (2003),152 Ohio App.3d 294, 303, 2003-Ohio-1546 at ¶ 27 [quoting State v. Eppinger,91 Ohio St.3d at 162]; State v. Sharp, 10th Dist. No. 05 AP-809,2006-Ohio-3448 at ¶ 13." State v. Haddox, 5th Dist. No. 2006-CA-00063,2006-Ohio-6140, at ¶ 46.
 {¶ 17} Here, the trial court relied on "the nature of the offense * * * as well as the presentence report and the other evidentiary material filed with the court" to find that Archer was a sexual predator. Our review of the record indicates that this finding was supported by clear and convincing evidence.
 {¶ 18} We acknowledge that a defendant's commission of a sexually oriented offense is not proof in and of itself that he is likely to engage in future sexually oriented offenses. Eppinger,91 Ohio St.3d at 165-166, 2001-Ohio-247; State v. Ward (1999), 130 Ohio App.3d 551, 558. However, the trial court did not rely solely on the fact that the rape occurred, but rather looked at the nature of the offense and the expert's report. This was an anal rape of a five year old child. It occurred in the child's home with the mother downstairs. Archer knew the family and had prior contact with them and the child. He was an invited guest into the victim's home. As the Supreme Court *Page 6 
has stated, it is possible that one sexually oriented conviction alone can support a sexual predator adjudication (e.g. "an offender who preys on children"). Eppinger, 91 Ohio St.3d at 162, 167, 2001-Ohio-247.
 {¶ 19} Moreover, the court in Eppinger noted that the recidivism rates for pedophiles is extremely high. Id. at 162. Likewise the Second Appellate District has stated:
 {¶ 20} "The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable.' State v. Collins (June 29, 1999), 3d Dist. No. 14-99-05, 1999-Ohio-819, quoting State v. Daniels (Feb. 24, 1998), 10th Dist. No. 97APA06-830." State v. Smith, 2d Dist. No. 2005-CA-87, 2006-Ohio-3653, at ¶ 30.
 {¶ 21} As stated above, the victim here was five years old and Archer was an adult. The facts surrounding the rape, including the type of rape and the ages of the victim and offender, provided the trial court with ample grounds to support its sexual predator finding. Consequently, this assignment of error has no merit.
 {¶ 22} For the foregoing reasons, the sexual predator designation is affirmed. However, in accordance with Foster, the sentence is vacated and the case is remanded for resentencing.
DeGenaro, P.J., concurs in part; dissents in part; see concurring in part, dissenting in part opinion.
Donofrio, J., concurs.