OPINION *Page 2 
{¶ 1} Defendant-appellant Joshua Baird appeals the judgment of the Columbiana County Common Pleas Court classifying him as a sexual predator after remand from this court for the issuance of findings supporting the classification. The issues on appeal are essentially whether the trial court was required to hold another evidentiary sexual predator hearing, whether the court was required to issue its findings orally instead of placing them in a judgment entry, and whether the classification is supported by sufficient evidence. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} Appellant molested his four-year-old daughter throughout the year of 2002. Near the end of the year, his behavior was discovered, and he was indicted for the rape of a child under the age of thirteen and gross sexual imposition of a child under the age of thirteen. He pled guilty as charged in June 2003. A sentencing and sexual predator hearing took place on August 11, 2003. The court sentenced him to eight years for rape and three years for gross sexual imposition to run consecutively as jointly recommended by the state and the defense. (Tr. 28). The court also classified appellant as a sexual predator. In its August 11, 2003 judgment entry, the court stated that it considered the statutory factors in R.C. 2950.09 and determined that appellant was a sexual predator.
 {¶ 3} In January 2006, appellant sought leave to file a delayed appeal, which we granted in May 2006. As a result of that appeal, this court affirmed appellant's sentence but reversed his sexual predator classification and remanded for the trial court to issue findings based upon the existing record regarding the classification of appellant as a sexual predator. State v. Baird, 7th Dist. No. 06CO4, 2007-Ohio-3400, ¶ 41. We found that the court did not discuss the evidence or pertinent factors at the hearing or in a judgment entry and concluded that such discussion was required. Id. at ¶ 34-35, 39.
 {¶ 4} Within a month of our remand, the trial court entered a new judgment entry classifying appellant as a sexual predator and noting that there was clear and *Page 3 
convincing evidence to support the classification. The court recited all the factors listed in R.C. 2950.09(B)(3). The court then found the following factors present:
 {¶ 5} "1. The victim's age of four years.
 {¶ 6} "2. The victim's relationship to the Defendant: biological daughter.
 {¶ 7} "3. Defendant abused his position of authority to facilitate the offense.
 {¶ 8} "4. More than one sexually oriented offense occurred.
 {¶ 9} "5. At the time of the sentencing in this case and the hearing pursuant to R.C. 2950, the Defendant was under indictment in Mahoning County for the alleged rape of a two-year-old girl.
 {¶ 10} "6. While in the military the Defendant was convicted of assault. The crime, for which he was incarcerated, involved misconduct with children."
 {¶ 11} Appellant filed timely notice of appeal from such entry and filed a pro se brief.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 12} Appellant's first assignment of error contends:
 {¶ 13} "THE TRIAL COURT VIOLATED THE DEFENDANT'S DUE [P]ROCESS BY NOT HOLDING A HEARING AS DEFINED BY LAW AND GIVING THE APPELLANT AN OPPORTUNITY TO BE HEARD AND FILE OBJECTIONS ON REMAND."
 {¶ 14} Appellant claims that our remand required the trial court to hold a new sexual predator hearing. He states that he could have presented new evidence regarding his wife's testimony at the sexual predator hearing. He also vaguely claims that the court considered a charge of which he was acquitted, citing State v. Patterson (1996), 110 Ohio App.3d 264 (10th Dist.).
 {¶ 15} Contrary to his claims, our remand did not require a new evidentiary hearing at which appellant could present evidence. Our remand was not based upon insufficiency of the evidence in this civil proceeding. Rather, our remand was based upon the lack of trial court discussion of the reasons for the sexual predator classification, which was necessary in order to facilitate our appellate review of the classification. We specifically remanded for the trial court to issue findings and an entry "based on the existing record * * *."Baird, 7th Dist. No. 06CO4 at ¶ 41. Thus, in *Page 4 
issuing its findings, the trial court was required to use the existing record without reopening the hearing to take additional evidence.
 {¶ 16} Moreover, as for appellant's claim regarding his wife's testimony, he himself admitted that he was convicted of the assault testified to by his wife. (Tr. 34). He may wish to argue that the court could not consider his wife's testimony that he was originally charged with sexual assault since he ended up pleading to simple assault. However, this argument fails for two reasons. First, besides stating what the original charge was, his wife's testimony also served to describe the basis for the assault conviction. She disclosed that it was based upon allegations of sexual misconduct with two children. (Tr. 32).
 {¶ 17} Regardless, charges for which no conviction resulted and even uncharged acts can in fact be considered at a sexual predator hearing. See State v. Cook (1998), 83 Ohio St.3d 404, 425-426 (finding that information within a presentence investigation report was reliable and admissible at a sexual predator hearing and mentioning the propriety of considering past incidents listed therein without limiting such holding to incidents that resulted in conviction); R.C. 2950.09(B) (2) (court shall consider all relevant factors including but not limited to those listed in the statute); State v. Jones, 7th Dist. No. 02BE36, 2003-Ohio-1219, ¶ 24 ("Various appellate courts, including this one, have also held that evidence of uncharged sexual assaults is admissible at a sexual predator hearing."); State v. Reed (May 16, 2001), 7th Dist. No. 00JE22. See, also, State v. Burton (1977), 52 Ohio St.3d 21, 23
(relating the well-established holding that a sentencing court may weigh such factors as arrests for other crimes). Finally, we note that thePatterson case appellant relies upon is no longer prevailing precedent in that district. See State v. Messer, 10th Dist. No. 03AP-169,2004-Ohio-2127, ¶ 24 (holding that evidence or statements that the defendant committed other uncharged sexual acts is admissible at a sexual predator hearing).
 {¶ 18} Any remaining arguments that may have been touched on under this assignment will be discussed in the next assignment as we are utilizing this assignment to address his desire for a newevidentiary hearing and the next assignment to address his desire for the court's findings on remand to be placed on the record orally. *Page 5 
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 19} Appellant's second assignment of error alleges:
 {¶ 20} "THE TRIAL COURT VIOLATED THE DEFENDANT'S DUE PROCESS BY FILING A NUNC PRO TUNC ENTRY ON REMAND AND THEREBY MAKING FINDINGS THAT WERE NOT PART OF THE ORIGINAL PROCEEDINGS."
 {¶ 21} Appellant terms the trial court's July 10, 2007 entry filed after our remand a "nunc pro tunc" entry and contests the propriety of such an order, noting that a nunc pro tunc entry can only be used to place in the record a judicial action actually taken, not to add something never performed. He notes that our prior opinion found the oral record devoid of reasons for the sexual predator classification. Thus, he concludes that the trial court could not use a nunc pro tunc entry to add those reasons to the record. He further contends that when the appellate court remands for sexual predator findings, this cannot be done without having some kind of oral hearing, citing State v.Eppinger (2001), 91 Ohio St.3d 158.
 {¶ 22} As the state points out, the trial court's entry does not purport to be entered nunc pro tunc. In any event, we remanded this case with orders for the court to file a new entry based upon the existing record, and the trial court did so. Contrary to appellant's conclusion, sexual predator findings need not be made orally.
 {¶ 23} The Eppinger Court "suggest[ed]" some standards for a "model" sexual predator hearing. Id. at 91 Ohio St. 3d at 166-167. For instance, "the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." Id. at 166. See, also, State v.Thompson (2001), 92 Ohio St.3d 584.
 {¶ 24} Notably, the Eppinger Court used the non-mandatory words of "model" "suggesting" and "should." The Court was expressly concerned that appellate review would be confounded by the lack of an adequate record. Eppinger, 91 Ohio St. 3d at 166. Here, appellate review is not confounded by the trial court's provision of findings regarding the sexual predator classification in the judgment entry on remand. The record on appeal contains the original papers filed, the transcript of proceedings with exhibits, a certified copy of the docket and the journal entries. App. R. 9(A). *Page 6 
 {¶ 25} We remanded this sexual predator case for findings and an entry based upon the existing record; we did not order the trial court to reopen the oral record for the provision of its findings. As we have previously held, the discussion of the factors supporting a sexual predator classification is in the record if it occurs in either the transcript or the judgment entry. State v. Bettem, 7th Dist. No. 01BA24, 2002-Ohio-3039, ¶ 39. Other courts also regularly review both the oral record and the judgment entry to determine if the trial court engaged in an adequate discussion of its findings in either place. State v.Carpenter, 6th Dist. No. L-04-1195, 2005-Ohio-6133, ¶ 30; State v.Frantal, 3d Dist. No. 1-03-98, 2004-Ohio-2794, ¶ 4 ("either at the hearing or in the journal entry"); State v. Keerps, 4th Dist. No. 02CA2, 2002-Ohio-4806, ¶ 12 (only resorting to the oral record after determining that the judgment entry was lacking); State v. Pasko (Dec. 7, 2001), 11th Dist. No. 2000-L-067 (reviewing both transcript and judgment entry for findings before remanding under Eppinger).
 {¶ 26} We thus conclude that the trial court was permitted to place its findings regarding the relevant factors supporting a sexual predator classification in the judgment entry, which provided an adequate record for our appellate review.
 ASSIGNMENT OF ERROR NUMBER THREE {¶ 27} Appellant's third assignment of error provides:
 {¶ 28} "THE EVIDENCE CONTAINED IN THE RECORD IS INSUFFICIENT AS A MATTER OF LAW TO PROVE BY CLEAR AND CONVINCING EVIDENCE THE DEFENDANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
 {¶ 29} A sexual predator is a person who has been convicted of committing a sexually oriented offense and who is likely to engage in the future in a sexually oriented offense. R.C. 2950.01(E)(1). Appellant claims that there is insufficient evidence in the record to show that he is likely to engage in a sexually oriented offense in the future.
 {¶ 30} Sexual predator classification proceedings are civil in nature.State v. Gowdy (2000), 88 Ohio St.3d 387, 398, citing State v. Cook
(1998), 83 Ohio St.3d 404, 423. Statutorily, the state's burden of proof is clear and convincing evidence. R.C. 2950.09(B)(4). Clear and convincing evidence is a measure of proof that will produce *Page 7 
in the mind of the fact-finder a firm belief or conviction as to the allegations sought to be established. Eppinger, 91 Ohio St.3d at 164. It is more than a mere preponderance of the evidence, but it does not require certainty beyond a reasonable doubt as in criminal cases. Id. As such, clear and convincing does not mean clear and unequivocal. Id.
 {¶ 31} A civil judgment requiring clear and convincing evidence will not be reversed upon insufficient or conflicting evidence if it is supported by competent, credible evidence that goes to all of the essential elements of the case. State v. Schiebel (1990),55 Ohio St.3d 71, 74. This is also true of a sexual predator judgment. State v.Wilson, 113 Ohio St.3d 482, 2007-Ohio-2202. More specifically, the civil manifest weight of the evidence test applies to a review of a sexual predator determination, rather than the criminal manifest weight of the evidence standard. Id. at ¶ 32. The civil review affords much more deference to the trial court's findings as it requires affirming if there is competent and credible evidence in support. Id. at ¶ 26, 32 (whereas the criminal standard allows reweighing).
 {¶ 32} R.C. 2950.09(B)(3) sets forth the factors a trial court must consider when making a sexual predator determination. The list is merely a guide as it is non-exhaustive, and there is no requirement that a certain number of the factors apply. As is fitting for the high degree of deference afforded to the trial court's findings, the trial court can determine how much weight to give each sexual predator factor in a given case. Thompson, 92 Ohio St.3d at 588.
 {¶ 33} These statutory factors include, but are not limited to the following: the offender's age; the age of the victim; the number of victims; the offender's entire prior criminal record, not limited to sexual offenses; whether the offender has previously been convicted of a criminal offense and whether that prior offense was a sexually oriented offense; whether the offender participated in any available programs for sexual offenders; whether the offender used drugs or alcohol to impair the victim; any mental illness or mental disability of the offender; the nature of the offender's sexual act and whether that act was part of a demonstrated pattern of abuse; whether the offender during the commission of the sexually oriented offense for which sentence is *Page 8 
to be imposed displayed cruelty or made threats of cruelty; and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(3).
 {¶ 34} As set forth supra, the trial court focused on six factors. First, the victim was only four years old. Second, the victim is appellant's biological daughter. Third, appellant abused his position of authority to facilitate the offense. Fourth, more than one sexually oriented offense occurred. Fifth, at sentencing, appellant was under indictment for the rape of a two-year-old girl in Mahoning County. Sixth, appellant was convicted while in the military for assault involving misconduct with children. We have before us appellant's guilty pleas, the sexual predator transcript, the presentence investigation report and now we have the trial court's amended entry. We thus presently have an adequate record from which to review this case.
 {¶ 35} In conducting our review and evaluating the weight of the evidence, we first emphasize that a four year old is considered an extremely young victim for a sexual assault. See, e.g.,Eppinger, 91 Ohio St.3d at 162 ("An offender who preys on children, for example, may fit the pedophile profile, a class of sex offenders known for their especially high rate of recidivism."). A young victim is "a telling indicator of the depths of offender's inability to refrain from such illegal conduct." State v. Archer, 7th Dist. No. 06CO06,2007-Ohio-1566, ¶ 20, quoting State v. Daniels (Feb. 24, 1998), 10th Dist. No. 97APA06-830.
 {¶ 36} The relationship of the offender and the victim can be another indicator since, if appellant does not even respect the physical and emotional integrity of his own biological daughter, he would even less likely respect another child's right to be free from sexual assault. We also note that he committed these offenses even though he was married to the child's mother at the time; since a divorce was pending at the time of sentencing, appellant's future behavior will be even less restrained by the absence of a spouse in his life.
 {¶ 37} The current offenses to which appellant pled guilty, rape and gross sexual imposition, are both sexually oriented offenses. As for the rape conviction, it can be inferred that one willing to take the steps from inappropriate touching (sexual imposition) all the way up to penetration (rape) will have less qualms about reoffending. At the hearing, appellant disclosed that the rape was the result of his *Page 9 
insertion of his finger into the child's vagina. (Tr. 20). We note, however, that the rape charge was also based upon the allegations that he made the child perform fellatio on him. The gross sexual imposition charge was the result of the allegation that he placed the child's hand on his penis and encouraged her to masturbate him.
 {¶ 38} Furthermore, both offenses were alleged to have occurred over a ten-month period. Thus, this was not merely a one-time violation of his daughter. Rather, it was a demonstrated pattern of abuse. This is a factor increasing the likelihood of recidivism. R.C. 2950.09(B)(3). See, e.g., State v. Hill, 10th Dist. No. 06AP-300, 2006-Ohio-5524, ¶ 11;State v. Alicea, 7th Dist. No. 99CA36, 2002-Ohio-6907, ¶ 43.
 {¶ 39} As aforementioned, appellant's prior arrests are also admissible. See Cook, 83 Ohio St.3d at 425-426 (finding that information within a presentence investigation report was reliable and admissible at a sexual predator hearing and mentioning the propriety of considering past incidents listed therein without limiting such holding to incidents that resulted in conviction); R.C. 2950.09(B)(2) (court shall consider all relevant factors including but not limited to those listed in the statute); Jones, 7th Dist. No. 02BE36 at ¶ 24 ("Various appellate courts, including this one, have also held that evidence of uncharged sexual assaults is admissible at a sexual predator hearing.");Reed, 7th Dist. No. 00JE22. See, also, Burton, 52 Ohio St.3d at 23.
 {¶ 40} Thus, the pending indictment alleging the rape of a two-year-old is certainly evidence tending toward recidivism. In addition, his 1998 charge of sexual assault involving two minor children is relevant. Although this was lowered under a plea agreement to simple assault with six months of detention in military jail, the original charge and the facts surrounding the incident are relevant. We note that in an interview, he described the military conviction as assault on a minor, not a simple assault as he characterized it at the within sentencing hearing. He also disclosed that the victims were nine-year-old girls whom he approached at the playground by his home. They alleged that he touched their groins, but he claimed that he only touched their arms and thighs, which accounted for the plea agreement.
 {¶ 41} Finally, the contents of appellant's presentence investigation report can be considered. See Cook, 83 Ohio St.3d at 425 (PSI report is reliable hearsay which *Page 10 
can be relied upon in making a sexual predator determination). Besides listing appellant's other offenses, the presentence investigation report contains information that appellant viewed child pornography on the internet and made the victim view the pictures as well. Although he removed and burned his hard drive before the computer was seized, he admitted to a detective that his molestation began when they reinstated their internet service a few months prior. He also conceded that he put "his finger in his daughter's butt" and had her masturbate him two or three times.
 {¶ 42} Upon being interviewed by a Children's Services case worker, he related that he once got into trouble while working at a fairgrounds for accidentally pushing a toy into a ten-year-old girl's crotch area. He also admitted being investigated a few years before his current arrest due to allegations concerning a neighbor girl to whom he gave drum lessons. At merely twenty-five years of age, appellant has collected a past quite worthy of a court's determination that he is likely to recommit a sexually oriented offense. Hence, this assignment of error is overruled
 {¶ 43} Considering the entire record, we conclude that the trial court's findings provide an adequate record for review and the trial court's decision is supported by competent and credible evidence that clearly and convincingly supports a sexual predator classification.
 {¶ 44} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
DeGenaro, P.J., concurs.
 Donofrio, J., concurs. *Page 1